Tarr v. Northey.

## JEREMIAH TARR *vs.* ROGERS NORTHEY.

If a person, who is not the execution creditor, request an officer to take and sell goods on an execution, and promise verbally to indemnify him for so doing, such promise is not void, as made without consideration, or because it is not in writing.

And if the execution creditor, after such promise was made, and after the goods were taken, enter into an agreement under seal to indemnify the officer, such covenant does not cancel and supersede the first promise.

ASSUMPSIT upon a promise by the defendant to indemnify the plaintiff, who was a constable of *Whitefield,* for any damage he might sustain for taking a horse and three tons of hay upon an execution in his hands in favor of *Hosea Northey,* son of the defendant, against one *O'Brien.* The horse and hay were claimed by persons other than the execution debtor. The defendant directed the plaintiff to take the property, which he was unwilling to do

without indemnity. He was not satisfied that *Hosea* was able to indemnify him, and thereupon the defendant promised the plaintiff verbally, that he would indemnify him for taking the property. The counsel for the defendant objected, first, that the defendant not being the execution creditor, the promise was without consideration ; secondly, that such a promise, and especially as it was not in writing, could not be enforced at law. The trial was before WESTON, C. J. who overruled both objections. After the promise was made by the defendant, and after the plaintiff had seized the property, *Hosea Northey*, by an instrument under his hand and seal, covenanted that he would indemnify the plaintiff from any damage which might arise to him in consequence of taking the property. The defendant stated, that the reason why he did not sign that instrument was, that he wanted to be a witness. He afterwards admitted his liability to the plaintiff and his promise of indemnity. The counsel for the defendant insisted, that the execution of the covenant had the effect to cancel and supersede the verbal promise made by the defendant. This objection was overruled. If the ruling was erroneous, the verdict for the plaintiff was to be set aside.

*F. Allen*, for the defendant, contended : —

1. The first request should have been complied with. The promise relied on was without consideration. It could be no benefit to him to have the articles taken, as he was a mere stranger. And if it proved a prejudice to the plaintiff, it does not fall within the principle of its being a sufficient consideration. The plaintiff parted with nothing valuable. But if the promise would have been binding on the execution creditor, yet made as this was by parol, it could not be binding on the defendant. It was void by the statute of frauds. *Mills* v. *Wyman*, 3 *Pick.* 207.

2. Taking the separate bond of the creditor was an extinguishment of the verbal promise of the defendant, who was a mere surety. 1 *Peters' Cond. R.* 290, *note* ; 3 *Wash. C. C. R.* 508 ; *Banorgee* v. *Hovey*, 5 *Mass. R.* 24 ; 1 *Mason*, 506 ; 3 *B. & P.* 249

*J. Bowman*, for the plaintiff, contended that the instructions given at the trial were correct. A contract with an officer to indemnify him for serving civil process, where the service thereof in the mode pointed out has made, or may make him a trespasser, is legal,

and binding on the party making it. *Marshall* v. *Hosmer*, 4 *Mass. R.* 63; *Marsh* v. *Gold*, 2 *Pick.* 285; *Train* v. *Gold*, 5 *Pick.* 380. It is not necessary that such promise should be in writing. *Marsh* v. *Gold*, 2 *Pick.* 285; 12 *Wend.* 449. It is an original promise, and not a collateral undertaking. The consideration was sufficient. It need not be a benefit to the person making the promise. Any prejudice or trouble to the party to whom the promise is made will constitute a sufficient consideration. 15 *Mass. R.* 94; 17 *Mass. R.* 129; 5 *Pick.* 380.

If a man indebted by simple contract enter into a bond or obligation under seal to the same person to pay the same debt, it extinguishes the debt; but if a third person give the bond, the original contract remains in force. One is not substituted for the other, but both are liable. 6 *T. R.* 276; *Powell on Contracts*, 423, *and note; 2 Bac. Ab.* 452.

The opinion of the Court was drawn up by

EMERY J. — The defendant insists, that he is not liable to the plaintiff, the officer, who was induced to take the horse and hay upon an execution in favor of the defendant's son, by the direction of the defendant, and his promise verbally that he would indemnify the plaintiff for any damage that might arise to him for so doing. Reliance is placed upon the fact, that as the defendant was not the execution creditor, the promise was without consideration, and because not in writing, cannot be enforced in law.

It must often be extremely difficult for an officer accurately to distinguish the extent of the interest which a man may have in an execution, in which he may not be the nominal creditor, but nevertheless undertakes to give directions as to the mode in which it shall be served; and that too, as may fairly be inferred, with the assent or approbation, in this case, of the nominal creditor. And here too the relationship, by consanguinity, of the execution creditor, to the defendant, might well reconcile the officer to the conviction, that the defendant had good and legal grounds for interposing and urging the plaintiff to go on under the indemnity promised by the defendant. We consider that there was a sufficient consideration for the engagement, that it was a direct original contract on the part of the defendant, and need not be in writing.

But the defence is further attempted to be supported on the principle of a release from the obligation of the contract, if good, implied by law, from the subsequent act of the plaintiff in receiving an instrument under seal from *Hosea Northey,* the execution creditor, by which he covenanted that he would indemnify the plaintiff from any damage which might arise to him in consequence of his taking the property aforesaid.

It is apparent from the report, that the plaintiff was unwilling to take the property, and was not satisfied that *Hosea* was able to indemnify him.    And therefore the defendant assumed the direction as to the proceedings to be adopted, and quieted the plaintiff by the promise, which is the subject of this suit.   It was not a joint contract, on the part of *Hosea* and the defendant with the plaintiff, but a several one in the first instance on the part of the defendant.

Now we do not discover from the report that this covenant was given and accepted by the plaintiff in payment and satisfaction, or in discharge, of the defendant's promise.   And it never has produced the indemnify which the plaintiff is seeking.   The excuse which the defendant made for not signing the instrument, that he wanted to be a witness, is evidence that he did not intend to involve himself in a joint undertaking with his son.   And the idea that he then intended a trick, to evade responsibility, is irreconcilable with the fact, that he subsequently admitted his liability and his promise to indemnify the plaintiff.

We are bound therefore to give to the whole matter such a construction as will uphold the liability of the defendant, preserve the consistency of his professions, and the honor of his character, by considering the covenant by *Hosea,* as a mere collateral engagement, not understood by any of the parties as an extinguishment of the plaintiff's right to seek redress from the defendant.   There must therefore be

*Judgment on the verdict.*