## STARK, Sheriff, v. RANEY.

An agreement to indemnify a Sheriff for seizing property under execution is valid, if the parties are in good faith seeking to enforce a legal right.

An agreement to indemnify a party for a willful trespass about to be committed is against public policy and void.

Where a Sheriff seized and sold a wagon on execution in favor of R., who pointed out the wagon, requested the Sheriff to seize it, and verbally agreed to hold him harmless, etc.: *Held*, in suit by the Sheriff against R. for damages recovered against the Sheriff for the seizure, that the agreement to indemnify is valid; that it was not a "special promise to answer for the debt, default or miscarriage of another," within the Statute of Frauds—because the Sheriff was acting not for himself, but as agent of R., and the promise was to be responsible for his acts as such agent.

*Held*, further, that the Sheriff is entitled to recover, not simply the value of the property which he has been compelled to pay, but also the costs incurred by him in defending the suit brought to recover such value; that his claim to indemnity extends to the entire damages to which he has been subjected on account of the seizure.

In an action upon a verbal agreement to indemnify a Sheriff for seizing property on execution, the Clerk may enter judgment upon default of the defendant in not answering, after his demurrer had been overruled.

APPEAL from the Seventh District.

Suit by a Sheriff on a verbal agreement to indemnify him for seizing certain property.

The complaint avers, in substance, that defendant Raney put into the hands of plaintiff, as Sheriff of Napa county, an execution on a judgment in favor of defendant Raney and against one Milliken; that he, the Sheriff, seized, under the writ, various pieces of property, and among them a spring wagon; that "said wagon was pointed out to him by said Raney, and was levied on by him at the special instance, direction and request of said Raney, who at the time promised said plaintiff that if he would levy upon it he would save him harmless against the consequences thereof;" that the wagon being levied on by plaintiff, was by him sold at Sheriff's sale, and bought for one hundred and fifty dollars by defendant; that suit was brought in a Justice's Court against plaintiff by Donzell, who claimed the property, and recovery had for one hundred and fifty dollars; that plaintiff, at the instance and request of defendant, took an appeal to the County Court, where, upon trial *de*

Stark *v.* Raney.

*novo,* judgment was rendered against plaintiff for the sum of three hundred and fourteen dollars and fifty-eight cents, including costs; and that plaintiff has paid said judgment.   Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.   Overruled February 4th, 1861, with leave to answer in five days.   February 11th, 1861, defendant not having answered, his default was entered by the Clerk, at request of plaintiff.   On the thirteenth of February, defendant served on plaintiff notice of a motion to set aside the default and for leave to answer, the ground being counsel's supposition that ten, instead of five days had been allowed; which motion was heard two days thereafter, and denied; and the Clerk then, upon application of plaintiff, entered judgment against defendant for three hundred and fourteen dollars and sixty-five cents and costs.

Defendant appeals.

*Howell & Hopkins,* for Appellant.

1. Plaintiff and defendant were cotrespassers; and the rule is that one trespasser cannot claim contribution of his cotrespasser for damages the former has been compelled to pay.   (Chitty on Cont. 521; *Atchinson* v. *Miller,* 18 Ohio, 1; 1 Pick. 65; 11 Paige Ch. 18; 2 Johns. Ch. 131; 8 Term, 186.)

2. The verbal agreement to hold harmless is void by the Statute of Frauds.   (Wood's Dig. 106, sec. 12; Id. 684, sec. 45; 12 Cal. 539; 10 Id. 192; 8 Johns. 188.)  ·

3. The Clerk had no power to enter the judgment, and it is void. (Pr. Act, secs. 32, 150; *Stearns* v. *Aguirre,* 7 Cal. 443; 14 How. Pr. R. 46.)

4. The agreement to indemnify does not cover costs, and the judgment ought not to have been for more than the value of the wagon—one hundred and fifty dollars.   (2 Cow. Treat. 237; 1 Campb. 343; 2 Id. 452.)

*Wm. C. Wallace,* for Respondent, cited 18 Me. 79; 2 Speer, (S. C.) 19; 2 Campb. 640, 641; Crocker on Sheriffs, 319, sec. 854; 1 Wend. 513; Pr. Act, sec. 150; 4 Cal. 254, as conclusive of all the points raised by appellant.

Stark *v.* Raney.

Cope, J. delivered the opinion of the Court—Field, C. J. and Baldwin, J. concurring.

This is an action upon a verbal agreement to indemnify the plaintiff for seizing certain property under an execution in favor of the defendant. The principal question is, whether the facts set forth in the complaint are sufficient to entitle the plaintiff to recover, and upon this question we think the Court below arrived at the proper conclusion. The argument on behalf of the defendant is, that he could not bind himself by an agreement to indemnify the plaintiff against the consequences of a trespass; but it is clear that this proposition cannot be maintained. The plaintiff appears to have acted in good faith, and with no other view than that of obtaining satisfaction of the execution out of the property of the judgment debtor, and the act committed amounted simply to an unintentional wrong. In the case of a willful trespass, an agreement of this character would be in contravention of public policy, and ought not to be enforced; but where there is nothing willful in the trespass, there is no reason why effect should not be given to the agreement. We understand the rule to be, that where the intention is to commit a trespass, the agreement will be void; but that where the object is to enforce a legal right, and the parties are actuated by no improper motive, the agreement will be valid. "If," said the Court of Appeals of South Carolina, in *Jamison* v. *Calhoun*, (2 Speer, 19) "one man promise another to indemnify him for committing a crime, a misdemeanor, or a willful trespass, such promise is void; but this has never been supposed to extend to cases where the alleged trespass has been committed in the prosecution of a legal right, unless the legal right be merely pretensive." (See also Crocker on Sheriffs, 319.)

The suggestion that the agreement was invalid for want of a compliance with the Statute of Frauds, requires but little consideration. It was not a "special promise to answer for the debt, default or miscarriage of another," within the meaning of the statute. The plaintiff was not acting for himself, but as the agent of the defendant, and the promise was to be responsible for the consequences of his acts in that capacity.

The plaintiff was entitled to recover the costs incurred by him in defending the suit brought for the value of the property. His claim to indemnity extended to the entire damages to which he had been subjected on account of the seizure.

The judgment was properly entered by the Clerk, upon the default of the defendant in not answering after demurrer.

Judgment affirmed.