C. T. ROUSSIN v. A. STEWART, D. T. HALL, AND C. P. JACKSON.

NEW TRIAL—TIME 'OF NOTICE OF MOTION.—The time to serve notice of motion for a new trial, under the one hundred and ninety-fifth section of the Practice Act, does not commence to run until written notice of the rendering of the decision is served.

SUFFICIENCY OF DENIAL.—An answer that denies a material averment of a complaint " on information and belief," is a sufficient denial to raise an issue thereon under the forty-sixth and fifty-fifth sections of the Practice Act.

ATTORNEYS.—Where, at different stages of proceedings in a cause, different attorneys had acted for one of the parties, without notice of substitution, the service of a notice upon the attorney last acting, and recognized by the Court below as such, was a sufficient service upon the party for whom he was acting.

LIABILITY ON INDEMNIFYING BOND.—In an action on a bond to indemnify the plaintiff against damages he might sustain by levying an attachment on certain property, and where .the complaint alleged the recovery of judgment against plaintiff for damages, against which he was indemnified, and the payment of said judgment ; held, that said averment of payment was material to plaintiff's right to recover for the amount of such judgment.

APPEAL from the District Court, Eleventh Judicial District, El Dorado County.

On the trial of this action in the District Court, plaintiff had judgment.   The defendants moved for a new trial, which was denied by the Court, and they appeal from the judgment and the order denying said motion.   Pending the appeal, the respondent moved this Court to strike out appellants' notice and statement on his motion for new trial, on the grounds : 1st, That said notice was not filed and served within ten days after entry of judgment.   2d, That neither said notice nor statement was served upon the attorney of record for plaintiff.

The other facts are stated in the opinion of the Court.

*Blanchard & Irwin,* for Appellants, argued:

That the Court erred in ruling that the payment of the judgment against respondent was admitted by appellants' answer; and cited *Thompson* v. *Lynch,* 29 Cal. 189; *Coleman* v. *Woodworth,* Ib. 566; *Vassault* v. *Austin,* 32 Cal. 597; Prac. Act, Sec. 55.

That it was necessary that plaintiff should have paid the judgment, to entitle a recovery; and cited *Law* v. *Archer,* 2 Kernan, 277; 14 Barb. 208; 21 Coms. 117; 4 Wend. 306; 21 Cal. 438; 25 Cal. 169; *Churchill* v. *Hunt,* 3 Denio, 321; *Jackson* v. *Post,* 17 Johns. 482; Sedg. on Dam. 307.

That plaintiff by his own showing cannot recover, because his acts were grossly wrong. That if an act directed to be done, or agreed to be done, is known at the time to be a trespass, an express promise to indemnify would be illegal and void; and cited 9 Cow. 155; Cowper, 343; 2 Johns. Cases, 53; 18 Ohio, 81–85; 7 Wend. 276; 17 Mass. 258; 3 Barn. & Ald. 179.

Also, that a bond to an officer to do his duty is void; and cited 5 Munroe, 529; 12 Ohio, 281; 1 Caine, 104.

Also, that an indemnity to do an act manifestly a violation of duty, is void; and cited *Wright* v. *Lord,* 3 Doug. 240; Chitty on Cont. 678.

That a Court of law will not sustain an action between two joint trespassers; and cited Will. Eq. Jur. 107.

*P. Teare,* and *P. L. Edwards,* for Respondent, argued:

That the motion to strike out should prevail, because the plaintiff's action was commenced by one attorney, and the notice and statement in question were served, not on him, but on others, who had not been substituted in his stead; and cited Sec. 10 Act concerning Attorneys at Law.

On the merits of the case the principal question is as to the construction of the pleadings. Respondent specifically avers

that he paid the judgment. Appellants attempt to deny. We claim that this denial is not good. It is not a *specific* denial of the facts stated by respondent, showing payment; and further, it is a denial, *on information and belief*, to a verified complaint. The case most relied upon by appellants is *Vassault* v. *Austin*, 32 Cal. 597. The opinion in that case speaks of the denial as being *on information and belief*, and does not say, on *their* information and belief. We cannot but believe that the record in that case shows that the pronoun *their* was used, or the Court must have thought that the allegations of the complaint were so loose as to require but a loose denial. We do not understand that the words " on information and belief" are tantamount to saying on *his* or *their* information and belief; it may be on the information and belief of some one else. Our statute (Prac. Act, Sec. 46) requires, when the fact is not within the knowledge of the defendant, that he shall deny, according to *his* information and belief. What this statute requires is very clearly stated in *Humphreys* v. *McCall*, 9 Cal. 62; also, in *Gas Company* v. *San Francisco*, 9 Cal. 466, 473.

By the Court, SAWYER, J.:

The Court rendered its decision on the 22d of November, 1866. It does not appear that notice of the rendering of the decision was ever served on the appellants. The time to serve notice of intention to move for a new trial, under section one hundred ninety-five of the Practice Act, does not commence to run, till written notice of the rendering of the decision is served. It does not appear that the time had commenced to run against the appellants, at the time their notice of intention to move was served, and we cannot, therefore, say they were not in time.

S. and George Williams appear, by the record, to have been acting as attorneys for plaintiff all through the case, after the filing of the complaint. They were recognized as

such by the District Court, and the parties. How they became attorneys, whether by substitution, or otherwise, does not appear. It is sufficient that they appear by the record to have been the attorneys of the plaintiff in the Court below.

The action is on a bond to indemnify the plaintiff against any damages he might sustain, by levying an attachment upon property claimed, by the owner, to be exempt. Upon receiving the indemnity bond, in suit, the attachment was levied, and the property afterward sold upon an execution issued on the judgment in the attachment suit. The plaintiff was afterward sued by the owner of the property, and judgment recovered against him. In his complaint, plaintiff alleges the payment of the judgment. In the answer, " said defendants deny, *on information and belief*, that said plaintiff ever paid said sum," etc. No evidence of payment was introduced—the Court holding that the allegation of payment was not put in issue by the denial in the form above stated. The point is, that the denial, in order to raise an issue, must be in the precise words of the statute, " *according to* his information and belief," and that " *on* information and belief " is insufficient. Section fifty-five of the Practice Act provides : " In all cases of the verification of a pleading, the affidavit of the party shall state that the same is true of his own knowledge, except as to the matters which are therein stated *on his information* or belief, and as to those matters, that he believes it to be true." In this section the form of expression is, " *on* his information or belief," and *not* " *according to* his information and belief," as in section forty-six. The same matters are referred to in both sections, in these different forms of expression, and the Legislature seems to use them in the same sense. In the verification the party states that he believes the matters stated on information or belief to be true. They must, therefore, be according to his information and belief.

We think, upon a view of all the provisions, that issue was substantively taken as required. A denial in this form was held to raise an issue in *Vassault* v. *Austin*, 32 Cal. 597.

There was no evidence of payment of the judgment by plaintiff, and, consequently, no actual damage shown. Evidence of the kind was necessary under the issue. This case is within the principle adopted in *Wilson* v. *McEvoy*, 25 Cal. 170, and *Prader* v. *Grimm*, 28 Cal. 12. There is nothing in the point that the indemnity was against a trespass, (*Stark* v. *Raney*, 18 Cal. 622,) nor in the point that the indemnity was against the attachment, and not a sale upon execution. The property was seized on the attachment, to be held for the security of any judgment that might be obtained, and was subsequently appropriated to the purposes, for which the seizure was made.

But the judgment and order denying a new trial must be reversed, and a new trial had on the grounds before indicated; and it is so ordered.