## DEMERITT v. BICKFORD.

If A agrees with B that if B will become the surety of C on a note to D, A will see the note paid and indemnify B, and B becomes surety, relying solely upon the promise of A, the agreement is not within the statute of frauds.

ASSUMPSIT. The defendant requested the plaintiff to sign a note to one Wentworth, as surety for his son, promising the plaintiff that he would see the note paid and indemnify him. The plaintiff, in consideration thereof, relying upon the defendant's promise, signed the note. The defendant moved that the court order a verdict, because the agreement, not being in writing, was within the statute of frauds. The court denied the motion, subject to exception. Verdict for the plaintiff.

*Worcester & Gafney*, for the defendant.

*Wheeler* and *Sanborn*, for the plaintiff.

BINGHAM, J. Is the promise of the defendant within the provision of the statute of frauds, that no action shall be brought to charge any person upon a special promise to answer for the debt, default, or miscarriage of another, unless the same is in writing? Gen. St., *c.* 201, *s.* 13. The question is not new. It is old and vexatious. The authorities are not uniform. The English are hopelessly in conflict, and the American courts are in the same condition. The direct authorities are nearly equally divided. Those deciding that the promise is within the statute insist that if the surety became such solely upon the promise of the promisor, still the law raises an implied promise of indemnity by the principal from the existence of the relation of principal and surety, to which the express promise of the promisor is collateral, and, therefore, within the statute. *Easter* v. *White*, 12 Ohio St. 219; note to *Cripps* v. *Hartnoll*, 116 E. C. L. 420; Browne on St. Frauds, *c.* 10, *ss.* 158, 160, and authorities cited; *Green* v. *Cresswell*, 10 Ad. & E. 453.

The reasoning of the courts, which hold that the promise is not within the statute, is not always the same. The more common is, that the promise must be made to the creditor, to be within the statute; that a promise to the debtor to pay his debt to the creditor, or to a surety to indemnify him for becoming surety for a third person to a fourth, is an original and not a collateral undertaking when the promisee acts solely on the promise of the promisor. *Vogel* v. *Melms*, 31 Wis. 306; *Aldrich* v. *Ames*, 9 Gray 76; *Alger* v. *Scoville*, 1 Gray 391, 395; *Pike* v. *Brown*, 7 Cush. 133, 136; *Chapin* v. *Lapham*, 20 Pick. 467; *Blake* v. *Cole*, 22 Pick. 97; *Beaman* v. *Russell*, 20 Vt. 205, 216; *Harrison* v. *Sawtel*, 10 Johnson 242; *Chapin* v. *Merrill*,

4 Wend. 657 ; *Staats* v. *Howlett*, 4 Denio 559 ; *Barry* v. *Ransom*, 12 N. Y. 462, 467 ; *Conkey* v. *Hopkins*, 17 Johns. 113 ; *Reed* v. *Holcomb*, 31 Conn. 360 ; *Gilbert* v. *Johnson*, 4 Hill 178 ; 3 Parsons on Con. 21, note P ; *Smith* v. *Sayward*, 5 Greenl. 504, 507 ; *Tarr* v. *Northey*, 17 Me. 113 ; *Dunn* v. *West*, 5 B. Monroe 376 ; *Thomas* v. *Cook*, 8 B. & C. 728 ; *Eastwood* v. *Kenyon*, 11 A. & E. 438 ; *Hargreaves* v. *Parsons*, 13 M. & W. 560, 580 ; *Reader* v. *Kingham*, 13 C. B. (N. S.) 344 ; *Cripps* v. *Hartnall*, 4 B. & L. 414.

These and other authorities that might be cited show that the conflict is so great, and the division so equal, that if the question were an open one, a satisfactory conclusion might be difficult. But it is not an open question in this state. We at an early day adopted the latter view of the statute, and have adhered to it. *Holmes* v. *Knights*, 10 N. H. 175 ; *Proprietors* v. *Abbott*, 14 N. H. 157, 160 ; *Tibbetts* v. *Flanders*, 18 N. H. 284 ; *Fiske* v. *McGregory*, 34 N. H. 414, 418.

*Judgment on the verdict.*

FOSTER, J., did not sit : the others concurred.