[No. 7,057.—Department One.]

## JAMES E. GRAVES v. G. H. MOORE ET AL.

SHERIFF—EXECUTION—COUNSEL FEES—DAMAGES—CONFLICT OF EVIDENCE. The plaintiff as Sheriff, under an execution in favor of the defendants, levied on certain personal property; but before the sale S. & Co., and also one S., each claimed the property pursuant to § 689 of the Code of Civil Procedure. Written notice of the latter claim, and also (it was claimed) of the former, was given by plaintiff to the defendant, who delivered to the plaintiff an indemnity bond, against the claim of S., and ordered him to sell. After the sale, S. & Co. sued the plaintiff for the value of the property, which was paid. In an action to recover the amount

of the judgment, also one hundred dollars paid as counsel fees, the Court found (among *other facts*) that the plaintiff notified the defendants of the claim of S. & Co., and was thereupon directed to sell.

*Held*, That upon the former point the evidence was conflicting, and therefore sufficient to sustain the finding; and, *held*, *further*, that the plaintiff was entitled to recover not only the amount of the judgment, but the expenses attending the action which he had to defend.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial in the Twentieth District Court, County of Monterey. BELDEN, J.

The complaint (besides other facts stated in the opinion) alleged in effect that, after the seizure of the billiard table, Strahle & Co. demanded of this plaintiff the possession of the same, claiming to be the owners; that the plaintiff notified the defendants of the claim, and that thereupon the defendants instructed him to sell, notwithstanding the said claim; that upon the service of the summons in the action against him, he notified the attorneys of the defendants, who appeared in the action but afterwards abandoned the same, and notified the plaintiff that they would make no further defense; that by reason of such abandonment the plaintiff was compelled to employ attorneys, and became bound to pay and did pay them one hundred dollars for their services. The Court found these allegations to be true. The evidence with reference to the notice to defendants of S. & Co.'s claim was substantially as follows: A letter of defendant's attorneys, the material parts of which are as follows:

"SAN FRANCISCO, February 22d, 1877.

"Messrs. Moore, Hunt & Co. have handed us your letter dated February 20th, 1877. * * * We have no orders to make in the premises mentioned in your letter to them, except that you proceed to sell, and remit the proceeds to us. * * *"

A letter of plaintiff to defendants, dated February 20th, 1877, informing them that the property was advertised for sale, and saying, "if you wish any order made, send it down," but containing no allusion to the claim of S. & Co. One Nichols, the plaintiff's deputy, testified that on or about the 20th day of February, 1877, he wrote to defendants, informing them of S. & Co.'s claim, and that the letter was properly

mailed, and that the letter above referred to, of February 20th, 1877, was not the letter he wrote. The defendants and their attorneys each testified that no such letter was received.

*W. J. & William Graves* and *O'Connor & Pardow*, for Appellants.

In the absence of an authorization in writing, to proceed with the sale in disregard of the claim and demand of said St. Germain, there is no presumption that appellants directed the seizure and sale of the property. (*Averill* v. *Williams*, 1 Denio, 501; Pol. Code, § 4185; *Hyde* v. *Cooper*, 26 Vt. 552.) To make the creditors in the writ responsible for the trespass, they must have authorized it. To authorize it so as to cover the officer, they must have been informed of the claim of St. Germain, and it was the duty of the officer to give the information. (Freeman on Ex., § 273; *West* v. *Shockley*, 4 Harr. 287; *Hopkins* v. *Smith*, 7 J. J. Marsh. 263; *Lothrop* v. *Arnold*, 25 Me. 136; *Adams* v. *Freeman*, 9 Johns. 117; Freeman on Ex., § 275; *Williams* v. *McGrade*, 13 Minn. 177.) Counsel fees form no part of the legal damage suffered by the officer in a case of this character.

*William H. Webb* and *James A. Wall*, for Respondent.

" Where the plaintiff directs the sale to be made, he is a trespasser with the officer." (*Armstrong* v. *Dubois*, 1 Abb. App. Dec. 8; *Canifax* v. *Chapman*, 7 Mo. 175; *Syndacker* v. *Brosse*, 51 Ill. 357; *Stewart* v. *Wells*, 6 Barb. 79; *Chambers* v. *Clearwater*, 1 Abb. App. Dec. 341; *Goodyear* v. *Willitsen*, 42 Cal. 11.) It is not necessary that the instruction shall be in writing. (*Lewis* v. *Johns*, 34 Cal. 629; *Murray* v. *Binninger*, 3 Abb. App. Dec. 336; *Hyde* v. *Cooper*, 26 Vt. 552; *Deal* v. *Bogue*, 20 Pa. St. 228.) Under this state of facts we understand the law to be that respondent is entitled to recover of appellants the amount of this judgment recovered against him by St. Germain, and all that he necessarily lost or expended in resisting said suit. (Freeman on Ex., § 275, p. 451; *Humphreys* v. *Pratt*, 2 D. and C. I. 288; S. C., 5 Bligh, N. R., 154; *Sanders* v. *Hamilton*, 3 Dana, 550; *Stoyel* v. *Cady*, 4 Day, 226; Civ. Code, § 1969; Freeman on Ex., §§ 273, 275; *Davis* v. *Newkirk*, 5 Denio, 94; *Ball* v. *Loomis*, 29 N. Y. 412;

*Wetzell* v. *Waters*, 18 Mo. 396; *Sanders* v. *Hamilton*, 3 Dana,
550; *Stoyel* v. *Cady*, 4 Day, 226.)

McKEE, J.:

By an execution issued on a judgment in favor of the ap-
pellants in this case against one Day, the respondent, as Sher-
iff of Monterey County, levied on certain personal property,
including a billiard table, as the property of the judgment
debtor, and advertised the property for sale to satisfy the
execution. Before the day of sale, Strahle & Co., and one
Soberanes, each for himself, claimed the billiard table pur-
suant to § 689 of the Code of Civil Procedure. Written no-
tice of the Soberanes claim was given to the appellants; and
it was claimed that a like notice was given to them, by the
Sheriff, of the claim made by Strahle & Co. After the noti-
fication which the appellants did receive, they executed and
delivered to the Sheriff an indemnifying bond, and ordered
him to go on and sell. The Sheriff accordingly sold, and paid
to the appellants the proceeds of sale in satisfaction of their
execution. Soberanes abandoned his claim; but Strahle &
Co. sued the Sheriff for the billiard table in an action of
claim and delivery, and recovered judgment against him,
which having satisfied, he brought the action against the ap-
pellants, out of which this case arises, to recover the moneys
which he had paid in satisfaction of the judgment, and one
hundred dollars counsel fee. The lower Court found for the
respondent, and entered judgment against the appellants,
from which and an order denying a new trial they appeal;
and it is contended that the judgment is erroneous, because
the finding of the Court—that the appellants were notified of
the claim made for the billiard table by Strahle & Co., and
that upon such notification they ordered the respondent to
proceed with the sale of the property—is not sustained by
the evidence. But the record shows that there was sufficient
proof of circumstances in connection with the admitted no-
tice of claim received by the appellants, and their immediate
execution and delivery of the bond of indemnity, and the
order given by them to the Sheriff to go on and sell, from
which the Court might reasonably infer that the appellants
were actually notified by letter from the Sheriff's office of

the claim made by Strahle & Co.  Upon the question there was, it is true, a conflict of evidence.  And the rule is now settled beyond controversy that where there is any evidence to sustain the finding of a fact material to the recovery in a case it will not be revised by this Court.

It is next contended that the Court erred in allowing respondent one hundred dollars, paid by him as counsel fee for defending the action brought against him by the claimant. First, because there is no allegation in the complaint that it was paid.  Secondly, because such a fee formed no part of the legal damage sustained by the respondent.

But it is substantially alleged that the appellants abandoned the defense of the action against the respondent; and that, in consequence thereof, he had to employ counsel to conduct his defense; for which he became bound to pay, and did pay, a fee of one hundred dollars.  Payment of such a fee was in fact made; and we think that the respondent was entitled to recover it; because the appellants, by their agreement of indemnity, engaged to save him, as Sheriff, from the legal consequences of selling the property of the claimant; and their engagement applied not only to the act of selling, but to all the consequences resulting to him from that act. (Civ. Code, §§ 2772, 2775.)  Having been compelled to pay by the judgment against him, he has a right to recover not only the amount of the judgment, but the expenses attending the action which he had to defend.  (*Duffield* v. *Scott*, 3 T. R. 374; *Stark* v. *Raney*, 18 Cal. 622.)

Judgment and order affirmed.

ROSS, J., and MCKINSTRY, J., concurred.