[No. 8728.  Department Two.— October 22, 1885.]

E. B. LERCH, APPELLANT, *v.* S. M. GALLUP ET AL., RESPONDENTS.

INDEMNITY — VERBAL PROMISE — SURETIES — STATUTE OF FRAUDS — CONSIDERA-
TION. — The defendants were sureties on an undertaking to stay execution on an appeal from a judgment of a Justice's Court.  The appeal having been dismissed, they requested the plaintiff, a constable, to levy execution upon and sell certain personal property which they represented belonged to the judgment debtor, and verbally promised to indemnify him for any damage he might sustain by reason of the levy and sale, should they prove to be wrongful.  The

plaintiff, in consideration of such promise, levied upon and sold the property and thereby satisfied the judgment. *Held*, that the promise was founded upon a sufficient consideration, and was not within the Statute of Frauds.

ID.—EXECUTION ISSUED WITHOUT AUTHORITY OF JUDGMENT CREDITOR—RATIFI-CATION.—The execution was issued at the request of the sureties, but the money arising from the sale was received by the judgment creditor in satisfaction of the judgment. *Held*, that the receipt of the money was a ratification of the act of the sureties.

APPEAL from a judgment of the Superior Court of Stanislaus County.

The facts are stated in the opinion.

*Wright & Hazen,* for Appellant.

*W. E. Turner,* for Respondents.

BELCHER, C. C.—This is an action on a verbal promise to idemnify the plaintiff, who was a constable, for seizing and selling certain personal property under an execution.

The court below sustained a demurrer to the complaint, and the plaintiff declining to amend, judgment was entered in favor of the defendants. The appeal is from that judgment.

The facts of the case, as they appear from the complaint, may be briefly stated as follows:—

In March, 1875, one Ulloa recovered judgment against one Sotcher for fifty dollars and costs in a Justice's Court in Stanislaus County. An appeal was taken from the judgment to the County Court, and an undertaking to stay execution thereon was signed by the defendants here, as sureties for the appellant, and filed in the case. In February, 1878, the appeal was dismissed. In March, 1878, the judgment remaining wholly unpaid, an execution thereon was issued at the special instance and request of the defendants, and placed in the hands of the plaintiff for service, he being at the time a constable authorized to receive and serve the same. At the time the execution was issued Sotcher had removed from this State, and had left no property here, so far as plaintiff knew, subject to seizure and sale. The defendants informed the plaintiff that they had discovered certain personal property belonging to Sotcher, which was subject to seizure and sale, and they pointed the property out to the plaintiff, and demanded that he, as such constable, levy upon

and sell the same in satisfaction of the judgment and execution. The plaintiff, inasmuch as he did not himself know about the property, asked from the defendants a bond of indemnity to secure him against any damages he might sustain by reason of the levy and sale, should they prove to be wrongful. The defendants then assured the plaintiff that the property belonged to Sotcher, and expressly promised him that if he would levy upon and sell the property in satisfaction of the judgment and execution they would save him harmless and indemnify him for any damages he might sustain by reason of the levy and sale. The plaintiff, in consideration of the defendants' promise and at their special instance and request, then levied upon and sold the property under the execution, and thereby paid and satisfied the judgment in full.

In March, 1879, one Williams, claiming to have been the owner of the property when it was levied upon and sold, commenced an action against the plaintiff in the District Court for Stanislaus County to recover the sum of $400, the alleged value thereof, and $124 damages. The defendants were notified of the action, and at their request and in their behalf the plaintiff answered to the complaint and used due diligence in defending the action. The case was tried in May, 1879, and judgment was rendered in favor of Williams and against the plaintiff here for the sum of $506.25, damages and costs. An appeal was taken to the Supreme Court, and the judgment was there affirmed in December, 1880. In May, 1881, an execution on the judgment was taken out and levied on the property of this plaintiff, and in June following he paid the judgment in full, amounting then to the sum of $630. The plaintiff, also, in defending the action, necessarily expended the further sum of $375 for counsel fees and other expenses; and he claims to have been damaged in the sum of $2,000 by the seizure of his property under the execution. In August, 1881, plaintiff demanded of the defendants payment of the damages sustained by him as aforesaid, but they refused, and have ever since refused, to pay the same. This action was commenced in December, 1881, and the plaintiff asks judgment for damages in the sum of $3,005.

We think the complaint stated facts sufficient to constitute a cause of action, and that the court erred in sustaining the demurrer.

1. The execution on the Justice Court judgment was issued " at the special instance and request" of the defendants, but it does not follow from that fact that it was issued without the knowledge and request of the party in whose favor it was given, nor, if it was, that the plaintiff knew it was so issued when it was placed in his hands for service. And if it was issued at the request of the defendants, without the knowledge of the judgment creditor, he must be held to have ratified and confirmed their act in ordering it, when he accepted the money made under it in full payment and satisfaction of his judgment. (*Clarkson* v. *White*, 4 Marsh. J. J. 529; 20 Am. Dec. 229.)

2. The defendants were sureties on the undertaking on appeal and were liable to be called upon at any time to pay the judgment. They were interested therein in having the money made out of the property of the judgment debtor. This was a sufficient consideration for their promise to indemnify the plaintiff if he would levy upon and sell under the execution the property which they pointed out to him and asked him to sell. (*Tarr* v. *Northey*, 17 Me. 113; *Train* v. *Gold*, 5 Pick. 380.)

3. The promise to indemnify the plaintiff was not within the Statute of Frauds.

Under our statute " a promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promisor, and need not be in writing :—

" 1. Where the promise is made by one . . . . who has received a discharge from an obligation in whole or in part, in consideration of such promise.

.        .        .

" 3. Where the promise, being for the antecedent obligation of another, is made . . . . upon a consideration beneficial to the promisor, whether moving from either party to the antecedent obligation, or from another person." (Civ. Code, § 2794.)

Here, out of the money made by the levy and sale, the judgment was satisfied, and the defendants were discharged from their obligation to pay it. Their promise was, therefore, evidently made upon a consideration beneficial to them.

4. The plaintiff appears to have acted in good faith in levying upon and selling the property pointed out to him. He committed no wilful trespass, and there is no reason, therefore,

why the promise to indemnify him should not be enforced. (*Stark* v. *Rancy*, 18 Cal. 622; *Coventry* v. *Barton*, 17 Johns. 142; 8 Am. Dec. 376; *Stone* v. *Hooker*, 9 Cowen, 154; *Nelson* v. *Cook*, 17 Ill. 443; *Avery* v. *Halsey*, 14 Pick. 174.)

The judgment should be reversed and the cause remanded with directions to the court below to overrule the demurrer.

SEARLS, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment is reversed and cause remanded with directions to overrule the demurrer to the complaint.