[No. 9411.   Department Two. — August 31, 1886.]

RICHARD    MAGEE, Respondent, v. CATHARINE
McMANUS, Appellant.

Specific Performance — Contract must be Definite and Certain —
Evidence. — The specific performance of a contract cannot be had
unless the thing agreed to be done is definite and certain in its terms
and in itself, and the party claiming performance establishes by clear
and satisfactory proof the existence of the contract as he alleges it.

Id. — Contract for Indemnity — Agreement to Execute Note and
Mortgage. — The action was brought to procure the specific per-
formance of a parol contract. The complaint alleged that the plaintiff,
having become liable as the accommodation surety for the defendant on
two promissory notes, bearing a given rate of interest, entered into a
contract with her whereby she promised, in consideration of his joining
with her in the execution of a new note for six hundred dollars, pay-
able six months after date, at a different rate of interest, to secure him
against liability on the three notes by giving him her individual note
secured by a mortgage upon her homestead property, the note to be
made payable to him at the same time as the six-hundred-dollar note, in a
sum equal to the whole amount then due on the three notes, and to
bear the same rate of interest, and the mortgage to be made in such an
amount as would secure him against any liability by reason of his be-
coming her surety. The court found the contract as alleged in the com-
plaint, except that it was made in consideration of the plaintiff becoming
surety on a note payable one year after date. Held, that specific per-
formance of the contract could not be had, — 1. Because the contract as
alleged in the complaint and as found by the court differed in the con-
sideration; and 2. Because the contract was indefinite and uncertain
both as to the time of payment of the note and mortgage, and as to the
amount for which the mortgage was to be given, and the rate of interest
on the note.

Id. — Waiver of Right to Specific Performance. — The plaintiff per-
formed his part of the contract, but there was no subsequent ascertain-
ment or agreement as to the amount and terms of the mortgage; nor
did he make any demand on the defendant for a performance on her
part until after the debt for which he was surety became due, at which
time the contract in its original shape could not be performed. Held,
that the plaintiff had waived his right to a specific performance of the
contract.

Id. — Surety — Rights of after Payment — Insolvency of Principal —
Homestead — Excessive Value. — The complaint alleged and the court
found that the defendant was insolvent, but owned certain premises which
she claimed as a homestead. The notes on which the plaintiff was
surety were otherwise unsecured. Held, that upon the payment of the
notes by the plaintiff, his remedy was by an action at law against the

defendant to recover the amount that he had paid, and that the judgment therein might be enforced against the homestead premises to the extent that they exceeded in value the amount allowed by the statute.

APPEAL from a judgment of the Superior Court of Marin County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Thomas F. Barry,* for Appellant.

*Bowers & Crowley,* and *E. B. Mahon,* for Respondent.

McKEE, J.—In this case, the defendant was required by the judgment of the court below "forthwith to execute and deliver to plaintiff a note and mortgage, to wit, her promissory note in the sum of $1,662.40, payable to plaintiff on demand, and bearing interest at the rate of seven per cent per annum from the fourth day of October, 1882, secured by her mortgage on the lands and premises described in plaintiff's amended complaint, the same being a certain lot of land and premises situate, lying, and being in the township of Nicasio, county of Marin, state of California"; and from the judgment, and an order denying a motion for a new trial, the defendant appealed. The judgment was rendered in an action to compel specific performance of a contract to execute a note and mortgage.

By the allegations of the complaint, it appears that the plaintiff had become liable to the Bank of Sonoma County upon two promissory notes, one for five hundred dollars, and the other for three hundred dollars, which had been executed by him as an accommodation surety for the defendant. Each of the notes bore interest at one and one fourth per cent per month, payable quarterly, or to be compounded. On the 23d of June, 1881, both notes were past due and unpaid. As principal debtor, the defendant had paid the interest upon them as it became due, but failed to pay any part of the principal. She

had not at that time the means to pay any part of it, and she wanted to negotiate with the bank for a fresh loan. To enable her to do so, she applied to the plaintiff to become surety for her upon a new note to the bank, promising him that if he would join her in the execution of a note payable six months after date to the bank in the sum of six hundred dollars, with interest at the rate of one per cent per month, payable every six months, or to compound,—upon which she could get the money from the bank,—she would on demand secure him against liability for her upon the three notes by giving him her individual note secured by mortgage upon her homestead property, the note to be made payable to him " at the same time· as the six-hundred-dollar note, .... in a sum equal to the whole amount then due, and for which he was liable on the first two notes, and also upon the six-hundred-dollar note, .... with accruing interest," and " to bear the same rate of interest," and the mortgage to be made " in such amount as to secure plaintiff against any liability by reason of his becoming her surety as aforesaid."

The plaintiff consented, and upon the faith of the promise made by the defendant, he joined her in the execution of a note payable to the bank for six hundred dollars, upon which she procured the money from the bank; but she failed and refused to keep her promise, made default in the payment of any part of the principal and interest of the three notes, and when the six-hundred-dollar note became due, the plaintiff was compelled by the bank to pay $1,664.40, in satisfaction of the three notes which he had signed as the accommodation surety of the defendant. The payment was made on the 4th of October, 1882.

The finding of the court states that at the time and under the circumstances set forth in the complaint, the plaintiff, as the accommodation surety of the defendant, did join the defendant in the execution of a note for six

hundred dollars, which she had discounted by the Bank of Sonoma County; and that in consideration of the execution of the note by the plaintiff, she verbally promised and agreed to secure him against liability already incurred upon the two notes, and to be incurred upon the six-hundred-dollar note, by her individual note payable to himself, as stated in the complaint, and secured by a mortgage to be made "in such amount and terms to secure him against any liability by reason of his becoming her security as aforesaid."

It is also found by the court that the plaintiff performed his part of the contract; that the defendant refused to execute and deliver to the plaintiff her note and mortgage according to her promise; that after the 21st of June, 1881, she made default in the payment of any part of the principal or interest of the three notes; that after the six-hundred-dollar note became due, the plaintiff, on the 4th of October, 1882, had to pay to the bank for the defendant in satisfaction of the three notes the sum of $1,664.40; and that the defendant is insolvent.

It is a cardinal principle of natural justice that a person shall perform his agreement. Upon that principle, a court of equity, in the exercise of well-regulated and judicial discretion, enforces the actual accomplishment of a thing stipulated for, on the ground of what is lawfully agreed to be done ought to be done. But the thing agreed to be done must be definite and certain in its terms and in itself; and the party who claims performance must make out by clear and satisfactory proof the existence of the contract as he alleges it.

That has not been done in this case. The contract as it is stated in the finding of the court is not the contract as it is alleged in the complaint. Instead of a contract founded upon a consideration to become surety for the defendant upon a promissory note payable "six months after date," as alleged in the complaint, the court finds it was a contract made in consideration of becoming

surety upon a note payable "one year after date." The consideration of a contract is a material part thereof. Two similar contracts founded upon different considerations cannot be regarded as one and the same. However, whether the true contract be that which the court finds or that which the plaintiff alleges, it is indefinite and uncertain,—not only as to the time of the payment of the note and mortgage to be executed, but as to the amount for which the mortgage was to be given, and the rate of interest upon the debt. It appears that these things were to be the subject of future ascertainment and agreement, so that the mortgage when executed would be sufficient security for the plaintiff. As, therefore, the agreement was not final, and it was indefinite and uncertain in its terms and in itself, specific performance of it could not be enforced in equity. (*Morrison* v. *Rossignol*, 5 Cal. 64; *Los Angeles etc. Ass'n* v. *Phillips*, 56 Cal. 539; *Potts* v. *Whitehead*, 20 N. J. Eq. 55.) *Irvine* v. *Armstrong*, 31 Minn. 216, cited in argument by respondent's counsel, does not conflict with these views. In that case, "the terms of the notes and mortgage were definitely agreed upon."

Besides, the contract as it is alleged in the complaint was not a parol contract for the sale of real property or any interest therein. In its nature, it was a purely mercantile contract, whereby the defendant undertook to indemnify the plaintiff in a particular mode against any loss or damage on account of becoming surety for her. The undertaking was not within the statute of frauds. (Civ. Code, secs. 2772, 2794, subd. 2; *Lerch* v. *Gallup*, 67 Cal. 595.) And the person to whom the promise was made, after complying with it on his part by becoming surety for the promisor, had the right, at any time within which the promise could be fulfilled according to its terms, to call for performance. But such a right may be waived (*Price* v. *Dyer*, 17 Ves. 356); and if it be waived by delay to call for performance

until performance becomes impracticable in the mode prescribed by the promise, specific performance will not be decreed. Equity only enforces performance of a contract as it is made by the parties themselves; it has no power to make a contract for them. (*Grey* v. *Tubbs*, 43 Cal. 359.)

We think the plaintiff waived his right to call for a specific performance of the contract of indemnity in its original shape. The case shows that there was no subsequent ascertainment or agreement as to the amount and terms of the mortgage to be executed as security; there was no demand made for its execution within "six months" or "one year" after the date of the contract. It is alleged in the complaint, "that on the 30th of August, 1882, plaintiff demanded of defendant execution of a note and mortgage in accordance with her agreement." The court finds "that the plaintiff demanded performance prior to the commencement of the action," and the action was commenced in October, 1882. So that in fact there was no demand made for performance until after the plaintiff was brought under liability by the debt falling due, and at that time the verbal contract in its original shape could not be performed.

Yet as a surety brought under liability to pay the debt of his principal, the plaintiff had the right upon the doctrine of exoneration, if the principal was insolvent, to be substituted to any subsisting securities for the payment of the debt, and to be subrogated to the benefit of such securities. In case of the insolvency of the principal, this right attaches, and may be enforced *before* payment, and also *after* payment, whether the principal be solvent or insolvent.

In *McConnell* v. *Scott*, 15 Ohio, 401, a surety, after a judgment taken against himself and his principal, and *before* payment of the judgment, was held entitled to any credits of the principal, and to have them appropriated

in payment of the judgment. And a like right was enforced in favor of a surety in *York* v. *Landis*, 65 N. C. 536, after payment of the debt of the principal. (1 Story's Eq. Jur., sec. 322; 2 Story's Eq. Jur., sec. 730.)

The cases of *McCorkle* v. *Brown*, 9 Smedes & M. 167, and *Pratt* v. *Carroll*, 8 Cranch, 471, have no application. Both cases involved rights arising out of contracts for the sale of real property by vendors who claimed enforceable vendor's liens upon the lands for the payment of unpaid portions of the purchase-money. In neither was there any question of rights arising out of a contract to indemnify.

It is alleged in the complaint, and the court finds, that the defendant *is* insolvent. But as there were no subsisting liens or securities for the payment of the debt to the creditor, no question of subrogation to securities could arise either *before* or *after* payment of the debt. When the plaintiff paid the debt to the creditor, he acquired all the rights of the creditor for the purpose of obtaining reimbursement. (Civ. Code, sec. 779.) The only right which he acquired was an action at law to recover what he had paid, and his remedy for the enforcement of that right was ample and adequate; for while it is alleged that the defendant is insolvent, it is admitted that she is the owner of certain land and premises, which she claimed as her homestead. Although it is not alleged, it may be inferred, that the defendant is an unmarried woman; but it nowhere appears in any way whether she was or is the head of a family, or whether the value of the homestead exceeds or falls short of the statutory limitation,— there is no allegation at all as to value. If it was a one-thousand-dollar homestead upon premises which were worth several thousand dollars, there is nothing to prevent the plaintiff from enforcing by execution any judgment which he may recover. (Civ. Code, secs. 1241, 1245.

Where a party has an adequate remedy at law, he is not entitled to relief in equity.

Judgment and order reversed, and cause remanded for further proceedings.

SHARPSTEIN, J., and THORNTON, J., concurred.