RECKNAGLE v. SCHMALTZ, ADM'R.

1. **Specific Performance**: CONVEYANCE OF LAND: EVIDENCE. Action to enforce the specific performance of an alleged contract to convey land in consideration of maintenance; but *held* that the evidence (see opinion) failed to establish any contract.

2. **Statute of Frauds**: CONTRACT TO CONVEY LAND: POSSESSION. One who is in possession of land at the time of an alleged oral contract to convey the land to him, cannot rely on his possession to take the contract out of the statute of frauds.

*Appeal from Benton District Court.*

FRIDAY, JUNE 17.

ACTION to enforce the specific performance of a contract to convey land. There was a decree in the district court granting the relief prayed for by plaintiff. Defendant appeals.

*Traer & Voris*, for appellant.

*Gilchrist & Haines*, for appellee.

BECK, J.— I. The plaintiff seeks to enforce the specific performance of an oral contract to convey land entered into between him and defendant's intestate. The consideration of the contract was plaintiff's undertaking to take care of the intestate during his life. No payment was made upon the land.

II. · We think the evidence fails to show with sufficient distinctness and certainty an agreement of the parties which would be binding upon them. The intestate was in bad health, and was living on the farm in question, with plaintiff and his family. The plaintiff had either rented the farm, or was occupying the premises under a contract with intestate of some other kind. While plaintiff was so in possession of the property, it is claimed that the intestate agreed that, if plaintiff and his family would stay with him, they "should have the farm." Other declarations or statements of the intestate, equally indefinite and general, are shown by the evidence. The evidence utterly fails to show any promise or agreement of plaintiff to perform any service, or make any payment, in consideration of intestate's agreement, if the evidence could be so interpreted as to show one. Nor did plaintiff, if the intestate's declarations be understood to amount to a proposition, accept it. The most liberal construction of the evidence shows that whatever was said by intestate amounted to nothing more than loose expressions

of intention and purposes. There is nothing which shows a contract between the parties.

III. But should it be held that there was an oral contract between the parties for the conveyance of the land, plaintiff did not enter into possession under it. He was occupying the land as a tenant or employe of intestate at the time of the alleged contract. He cannot, therefore, rely upon his possession to take the contract out of the operation of the statute of frauds.

IV. Numerous declarations and acts of the plaintiff, after the death of the intestate, are shown, which are inconsistent with the claim he now makes. Some of them he attempts to explain. But it is needless to consider these matters, for the reason that the evidence wholly fails to establish the contract relied upon by plaintiff.

The petition of plaintiff will be dismissed.

REVERSED.