*(Supreme Court, General Term, Second Department. May 14, 1888.)*

DEPOSITION—EXAMINATION OF DEFENDANT BEFORE TRIAL—WHEN ALLOWED.

In an action to foreclose a mechanic's lien, an order will be vacated which requires defendant to be examined as a witness before trial for the purpose of enabling plaintiff to prepare his case, as it is the intention of the Code, in relation to depositions, to permit a deposition to be taken only where the testimony is necessary and material for a party to use on the trial of the action.

Appeal from special term, Kings county. EDGAR M. CULLEN, Justice.

Action brought by Abijah Weston and another against Lorenz Reich to foreclose a mechanic's lien. Plaintiffs procured an order requiring defendant to be examined before trial, and from an order denying defendant's motion to vacate such order defendant appeals.

*Abram King,* for appellant. *F. P. Bellamy,* for respondents.

DYKMAN, J. This is an appeal from an order denying a motion to vacate an order for the examination of the defendant before trial. The action is for the foreclosure of a mechanic's lien for building material. The answer of the defendant, Lorenz Reich, whom the plaintiffs desire to examine, admits the delivery of the lumber substantially in accordance with the allegation of the plaintiffs' complaint, and in the affidavit presented for the procurement of the order the attorney says the testimony of the defendant is necessary and material for the plaintiffs in the prosecution of this action, and the reason why it is material is that the various allegations and defenses contained in said defendant's answer are inconsistent; that it is impossible to determine what part of the material alleged in plaintiffs' complaint and bill of particulars the said defendant admits to have received, or whether he admits he has received any or not; that it is impossible for plaintiffs to know of what items of material they will have to prove the sale and delivery, and what witnesses will be necessary for them to produce upon the trial of this action to prove such sale and delivery. Further down in the affidavit, he says the plaintiffs cannot prepare or safely proceed to the trial of this action until such examination has been made. There is nothing to show any peculiar knowledge in the possession of the defendant, and from the nature of the case, and the transactions involved, it is entirely plain that the plaintiffs have full knowledge of all the facts. They know the material sold to the defendant, and all the details are peculiarly within their knowledge. The object of the plaintiffs, as disclosed by the affidavit, is to procure the testimony of the defendant, to enable them to prepare for the trial of the action; and although some judges have granted this order with more freedom than others, yet they have never granted it for such a purpose alone. Some necessity for the procurement of the depositions of the party should be shown to exist, and the plain spirit and intention of the Code is to permit the deposition to be taken only where the testimony is material and necessary for the party for use on the trial of the action. This department is fully committed to these views by many decisions, and it is believed they are supported by the adjudicated cases all over the state. The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the order should be granted, with $10 costs.

---

### KAYSER v. ARNOLD et al.

*(Supreme Court, General Term, First Department. May 18, 1888.)*

1. SPECIFIC PERFORMANCE—REQUISITES OF CONTRACT—WHEN TOO INDEFINITE.

Plaintiff sought specific performance of a contract for the right to make and sell certain knit goods, claiming that its terms were expressed in a written instrument, which was prepared for execution, but never signed. The instrument left blank the weight of the goods per yard, to which plaintiff's right to manufacture was ob-

viously to be restricted. *Held,* that, in the absence of any evidence showing what weight was agreed upon, there was not disclosed a sufficiently definite contract to be capable of enforcement.[1]

2. SAME—COSTS—WHEN IMPOSED ON SUCCESSFUL PARTY.

Where plaintiff enters into a supposed contract fairly and honorably to make and sell goods under defendants' patent, and pays out $2,500, and defendants, after giving him distinctly to understand that they would sell to him the rights under their patents, sell instead to his rivals in business, a court of equity, in an action by him for specific performance, finding his contract void for uncertainty, will not impose costs or additional allowance against him.

Appeal from special term, New York county; C. DONOHUE, Justice.

Action by Julius Kayser against Anna M. Arnold, Satterlee Arnold, Abraham G. Jennings, and Oliver T. Jennings, for the specific performance of a contract. Judgment was for defendants, and plaintiff appeals from the judgment dismissing the complaint, and from an order granting an additional allowance.

Argued before VAN BRUNT, P. J., and MACOMBER and BARTLETT, JJ.

*A. J. Dittenhoefer,* for appellant. *Frank E. Blackwell,* for respondents Arnold. *Sandford H. Steele,* for respondents Jennings.

BARTLETT, J. The main purpose of this action is to establish the existence and fix the terms of an agreement between the plaintiff and the defendants Anna M. Arnold and Satterlee Arnold, in reference to the manufacture and sale of certain machines for making knit goods, and to the transfer and assignment of certain rights under their patents relating to the same. The plaintiff claims that the agreement is substantially expressed in an instrument in writing, which was prepared for execution, but never was actually signed. This paper is set out at length in the appeal-book; and an examination of its contents reveals what we deem to be an insuperable difficulty in the plaintiff's case. It is impossible to deduce from this unsigned instrument the terms of a contract sufficiently clear and definite to enable a court to enforce the specific performance thereof. The first article declares that Anna M. Arnold grants to Julius Kayser the exclusive right, under her patents, to make, use, or sell knit or woven fabric gloves and mitts, having cut edges, and not to exceed a certain weight per yard. A blank occurs where the weight agreed upon was evidently intended to be inserted. Further on, in the fifth article, it is declared that the machines and attachments to be furnished to the plaintiff shall be used by him only in the manufacture of knit or woven fabric gloves and mitts having cut edges, and not exceeding a weight per yard which is also left in blank. The sixth article, which relates to penalties, provides that, if the plaintiff uses the machines or attachments otherwise than as he is licensed to do by the provisions of the first article, the license and agreement may be revoked, at the option of Anna M. Arnold, and shall forthwith become void. It is obvious that both of the parties intending to execute this instrument meant that the rights which were conveyed and acquired should be restricted to the manufacture of goods the weight of which per yard should not exceed a certain maximum to be therein specified. The blanks in the proposed contract were left to be filled by figures which the parties had agreed upon, or should subsequently agree upon. The omission to fill those blanks might not be material now, if there were any evidence in the case from which the court could ascertain what figures both parties actually had in mind. Unfortunately, however, the record is utterly barren of proof on this subject; and, under these circumstances, the instrument in question does not disclose a sufficiently definite contract to be capable of enforcement. The judgment, so far as it dismisses the complaint, should therefore be affirmed.

But we do not think any costs or additional allowance should have been

[1] See note at end of case.

awarded to the defendant. The plaintiff behaved fairly and honorably, and paid out twenty-five hundred dollars in the course of the enterprise, which he has not received back. The defendants Arnold, after giving him distinctly to understand that they proposed to sell him the machines, and convey to him the rights to manufacture under their patents, preferred to deal with the plaintiff's rivals in business, and made a sale to the defendants Jennings. They may have been legally entitled to do this; but their course in the whole transaction, as contrasted with that of the plaintiff, was not such as to justify a court of equity in imposing costs upon him as a consequence of his very natural effort to compel them to recognize his claim. The judgment appealed from will be modified by striking out the costs, and, as modified, will be affirmed, without costs. The order granting an additional allowance will be reversed, also without costs.

VAN BRUNT, P. J., and MACOMBER, J., concur.

NOTE.

SPECIFIC PERFORMANCE—REQUISITES OF CONTRACT—DEFINITENESS—MUTUALITY. A court of equity cannot enforce a contract specifically, unless it can be done mutually and completely, and so as to secure substantially beyond question all that the parties contemplate. Bourget v. Monroe, (Mich.) 25 N. W. Rep. 514.

Where one party to a contract could not have enforced it as it stood, equity will not hold him bound to perform at the instance of the other party. Hall v. Loomis, (Mich.) 30 N. W. Rep. 374.

Specific performance of an agreement to convey land may be decreed, although the purchaser was not bound by the agreement. The election of the purchaser to treat the agreement as binding satisfies the rule requiring mutuality. Moses v. McClain, (Ala.) 2 South. Rep. 741; Johnston v. Trippe, 33 Fed. Rep. 530.

Specific performance will not be decreed of a parol contract to convey land, where the owner never parted with the possession, where the promisee never paid anything on account of the purchase money, where the contract to convey consisted merely of loose expressions of an intention and purpose on the part of the owner to convey, and where numerous declarations and acts of the promisee are in evidence inconsistent with the claim made by him in his bill. Recknagle v. Schmalz, (Iowa,) 33 N. W. Rep. 365.

A covenant in a lease that, "if the premises are for sale at any time, the lessee shall have the refusal of them," is not of a nature to be specifically enforced. Fogg v. Price, (Mass.) 14 N. E. Rep. 741.

An agreement to sell to a certain person "a lot on the right hand of S. street, going towards the river, being 20 feet wide, and running back to T. street," is too indefinite to be specifically enforced, where the lot appears to be merely a portion of a larger tract owned by defendant. Appeal of Holthouse, (Pa.) 12 Atl. Rep. 340.

A court of equity will not decree specific performance of a contract unless the thing agreed to be done is definite and certain in its terms and in itself; and the party asking for performance must make out, by clear and satisfactory proof, the existence of the contract as he alleges it. Magee v. McManus, (Cal.) 12 Pac. Rep. 451.

A woman, with power to act as a *feme sole*, executed a written agreement that, if her husband would pay a certain sum on a mortgage on her land by the time it became due, she would convey to him a part of the land. The agreement was signed by the wife only, and the husband failed to pay the money mentioned in the agreement at the time specified, and died without paying any part thereof. His administrator sought to enforce a specific performance of the agreement. *Held*, that specific performance could not be enforced against the wife, as the contract was not mutual, and left it optional with the husband to pay the money. Stembridge v. Stembridge's Adm'r, (Ky.) 7 S. W. Rep. 611.

A description of property as "the house and lot now occupied by James H. Henham," when supplemented by extraneous testimony, is sufficient to support a decree in a suit to enforce the specific performance of a contract to convey land, where there was no plea, answer, or demurrer, and the decree was rendered *pro confesso*. Angel v. Simpson, (Ala.) 3 South. Rep. 758.

In a deed of sale and compromise was the stipulation that the vendee or his assigns "shall build and keep in repair such bridges as may be necessary over the lands herein acquired." *Held*, that this stipulation was too indefinite to be the subject of a bill and decree for specific performance, because there was no sufficiently defined agreement to enforce. Zeringue v. Railroad Co., 34 Fed. Rep. 239.

A writing which is the mere basis for and preliminary to a contract, which is to be put into definite shape, and executed if the terms are approved by a bankrupt court, is not a completed agreement, enforceable specifically. Duff v. Hopkins, 33 Fed. Rep. 599.

A contract providing for the sale of stock of a company for $10,500,—$3,000 cash, and the balance to be paid along, as may suit the vendee, within five years; interest to be computed at 5 per cent.; containing no agreement as to the time of any of the payments of the principal or interest; no statement as to the time when the stock is to be transferred; with no security f 'r the deferred payments,—is too uncertain and ambiguous to be specifically enforced in chancery at the suit of the vendee. Iron Co. v. Todd, (Del.) 14 Atl. Rep. 27.

Complainant's agent came to defendant, and asked him to exchange land with complainant. Defendant refused to do so except on terms that the agent had no authority to accept. Accordingly, the latter telegraphed to complainant for further instructions; and defendant gave a third party written authority to close the contract for him on the terms he had named. After receiving an answer to his telegram, complainant's agent did not see defendant again, but agreed orally with defendant's agent that they would meet later, and arrange the exchange. Before they did so, defendant revoked his agent's authority, and refused to make the exchange. *Held,* that specific performance of the exchange would not be decreed, the minds of the parties not having met. Lasher v. Gardner, (Ill.) 16 N. E. Rep. 919.