## Cole v. Dealham, Garnishee.

1. GENERAL ASSIGNMENT: MORTGAGE. Where a debtor conveyed a portion of his property to two creditors by mortgage, without their knowledge, and at the same time conveyed the remainder to a trustee by an assignment for the benefit of his creditors, all of which was done with a view to insolvency, it was held a general assignment in which creditors were preferred, and therefore void: following and re-affirming *Burrows* v. *Lehndorff*, 8 Iowa, 96.

2. AGREEMENT TO EXECUTE A MORTGAGE. A court of equity will enforce a valid agreement to execute a mortgage, against the party or a subsequent purchaser with notice; but a promise to secure a creditor is not such an agreement to execute a mortgage as can be specifically enforced.

3. GENERAL AND PARTIAL ASSIGNMENTS. A debtor may in good faith make a partial assignment preferring creditors; but when the whole transaction assumes the character and is in legal effect a general assignment, he can give no preference.

*Appeal from Dubuque City Court.*

SATURDAY, OCTOBER 11.

Cole obtained a judgment against one Friedlander, and, under an execution issued thereon, garnisheed the defendant, Dealham. From the answer of the garnishee, it appears that he had certain property which he claimed had come into his hands as the assignee of Friedlander, under a general assignment. The assignment was not denied by plaintiff, but it was insisted that it was fraudulent and void. Upon this issue testimony was taken, and the cause submitted to the court. Judgment for plaintiff, and defendant appeals.

*Wilson, Utley & Doud* for the appellants, in support of the validity of the assignment, cited the following authorities: *Fairbanks et al.* v. *Haynes et al.*, 23 Pick., 323; *Brown et al.* v. *Foster*, 2 Met., 152; *Bates* v. *Coe*, 10 Conn., 280; *Isham* v. *Morgan*, 9 Id., 374; *Burn* v. *Burn*, 3 Ves., Jr.,

573; *Foster* v. *Post*, 9 S. & R., 11; *Hurst* v. *Hurst*, 2 Wash. C. C., 69; Sug. Vendors, 336; *Blaim et al.* v. *Nagle et al.*, 4 Ohio State,. 45. As to the rights acquired under the mortgages, 4 Kent, 454; *Maynard* v. *Maynard et al.*, 10 Mass., 456; *Fay* v. *Richardson*, 7 Pick., 91; *Jackson* v. *Richards*, 6 Cow., 617; *Jackson* v. *Leek*, 12 Wend., 105; *Chess* v. *Chess*, 1 Pen. & W., 32; *Jackson* v. *Phipps*, 12 John., 418; *Barns* v. *Hatch*, 3 N. H., 304; *Gilbert* v. *The North American Fire Insurance Company*, 23 Wend., 43; *Jackson* v. *Perkins*, 2 Wend., 308; *The Commercial Bank* v. *Reckless*, 1 Halst. (N. J.), 430.

*E. McCenney* and *W. J. Knight* for the appellee, relied upon *Burrows* v. *Lehndorff*, 8 Iowa, 96.

WRIGHT, J. — Counsel for appellant have pressed their positions with great earnestness and ability, but have failed to satisfy us that in its essential principles this case differs from that of *Burrows* v. *Lehndorff*, 8 Iowa, 96. Indeed, it is seldom that we meet with cases, running more nearly parallel in all their leading facts. Here there was a general assignment. There the transaction was held to amount in legal effect to such an assignment. In that case, as in this, the attempted transfer was attacked upon the ground that it was not made for the benefit of all the creditors, in proportion to the amount of their respective claims. There the several mortgages and deeds of trust were made substantially at the same time, and presented by the vendor and grantor for record, five minutes intervening between the filing of each. Here the assignor made two mortgages, filed them for record without the knowledge of the mortgagees, and within five minutes thereafter filed the deed of general assignment, bearing the same date, as that on which the mortgages were acknowledged. The question is not whether these mortgages are valid, but whether the assign-

ment can be upheld. The court below held, taking all the facts into consideration, that there was an intention to prefer creditors : that the mortgages and assignment were to be treated as one transaction; and that the assignee could not hold the property, therefore, under such attempted transfer. With this conclusion we do not feel justified in interfering.

It is proper, however, that we notice some of the more important features of the case, which counsel claim distinguish it from that above cited. One of the mortgages was made to Buckingham, to secure a debt of two hundred and fifty dollars, money loaned. He testified that he loaned the money " on the understanding that I was to be secured "— " that I was to be secured, if anything happened." This was on the 27th of September; but witness knew nothing of the mortgage until December 28, 1861, two days before he was sworn as a witness. The other mortgage was made to one Waters, who testifies that he loaned Friedlander $150, August 17, 1861, who at the time told him " he would make him secure." The mortgages and assignment were all acknowledged and filed for record October 15, 1861. It is now claimed that the agreement for security between Friedlander and the mortgagees, made at the time of the respective loans, created a lien in equity, good against the subsequent assignment for the benefit of creditors. That a valid agreement for a mortgage may be specifically enforced in equity against a party or subsequent purchaser with notice, or a general assignment even, we do not controvert. But to apply the rule, there must be an agreement that could be enforced. Here, giving to the testimony all that can be claimed for it, there was no such agreement. We are not aware of any general equity principle that would enforce it, and there is certainly no statutory provision affording a remedy. And we should certainly want some very clear and well reasoned case, recognizing the right to enforce such lien under a verbal contract as general and

vague as in this instance—referring to no specific property —before we should be inclined to follow it. If by possibility the case could be found and followed, it would be " without respect or veneration."

The case, then, is unaffected by these prior understandings. If any rights have accrued to any persons under the mortgages, they are to be measured by those instruments, and not by the vague talk which preceded their execution.

The mortgages bear date August 17 and September 27, 1861. They were not finally executed and acknowledged, however, until October 15th of that year. The assignment is valid on its face, and is, in all respects, a complete instrument of itself. It is now claimed that the giving of the mortgages and the execution of the assignment are separate and entirely independent acts, and, that being so, there was no such giving of preference to certain creditors as should invalidate the assignment. The argument is, that the debtor, not acting in view of a general assignment, had a right to prefer his creditors, and that the whole face of the transaction conclusively rebuts the idea that these mortgages were a part of the final assignment; that they were made for an honest, legitimate purpose, and long before insolvency or the expectation thereof. That a debtor may, in good faith, make a partial assignment, preferring certain creditors, is not denied. But when the whole transaction assumes the character, and is, in legal effect, a general assignment, he can give no preference. If he does, the attempted transfer is declared void by the statute. And whether, in this case, these mortgages were really made in good faith, long prior to the assignment; or whether they were written out or filled up by the mortgagor, signed by and retained by him, awaiting the financial complexion of the coming months, and which he finally concluded to and did use at the same time that he declared his insolvency, are questions of fact

passed upon by the court below, and the construction put upon them we are not prepared to gainsay.

If the facts of this case brought it within the rule recognized in *Fairbanks* v. *Haynes*, 23 Pick., 323, and *Brown* v. *Foster*, 2 Met., 152, we should most unhesitatingly uphold the assignment. To our mind, however, they are more nearly assimilated to that of *Perry* v. *Holden*, 22 Pick., 269. True, the cases are not precisely similar, and yet they are in principle quite analogous. And believing that the court found correctly in determining that these instruments were to be construed together as parts of one and the same transaction—as an assignment, conveyance and disposition of the insolvent's property—and that as thus construed they were not valid as against plaintiff, the judgment stands

Affirmed.