## Levi Munsell v. Joseph Loree, Jr., and David Green.

*Specific performance of land contract: Certainty of description.* A decree for a
specific performance of a parol contract for the conveyance of land, will not
be made when the proofs do not support the case made by the bill, as to the
description of the parcel; and the evidence of possession is, for the same
reason, uncertain as to the location to which it applies, and is equivocal and
unsatisfactory in quality.

*Heard October 6. Decided October 11.*

Appeal in Chancery from Livingston Circuit.

The complainant filed his bill in the Circuit Court for
the County of Livingston in Chancery to compel the per-
formance by the defendant, Loree, of a parol contract to
sell to the complainant a parcel of land, which, subse-
quently to the alleged contract, Loree had conveyed to the
defendant Green. The cause was heard upon pleadings and
proofs; the Circuit Judge decreed a specific performance;
and the defendants appeal to this Court.

*Alfred Russell*, for complainant.

The three parties are near neighbors. Munsell owned
and lived on the north seventeen acres of an "eighty."
Loree owned a strip next south, running east and west
across the eighty, containing thirteen acres. The south
fifty acres of the eighty were owned by one Taylor. Com-
plainant's bargain, in 1852, was for the whole thirteen
acres, at $5.00. He paid for eight and one-fifth acres, and
then Loree desired to take back the south portion of the
strip, remaining unpaid for, and it was so agreed. From
1852, forward, complainant paid taxes on the north portion
of the strip, and it was assessed to him; he has also cut
rails, fence-stakes and timber on it constantly since, and
fenced the north and east sides, of all which facts defend-

ant, Loree, had knowledge. Full knowledge on the part of Green is shown.

I.  Equity will enforce performance of a verbal contract to convey lands, where payment of the price and possession under contract appear.—*Burtch v. Hogge, Har. Ch., 31 ; Bomier v. Caldwell, Har. Ch., 65 ; Bomier v. Caldwell, 8 Mich., 463 ; Norris v. Showerman, 2 Doug., 19 ; McMurtrie v. Bennett, Har. Ch., 124 ; Millard v. Ramsdell, Har. Ch., 373 ; Weed v. Terry, Walk. Ch., 501 ; Weed v. Terry, 2 Doug., 344 ; Wilson v. Wilson, 6 Mich., 9 ; Hawley v. Sheldon, Har. Ch., 420 ; Ingersoll v. Horton, 7 Mich., 405.* Here the acts done are definite, and referable solely to the contract. The possession was notorious, and under the agreement and with the knowledge and consent of the vendor.—*2 Story Eq. Jur., 19, 759 ; 7 Barr, 167 ; 4 Blackf., 94 ; 6 Watts, 464 ; 18 Vesey, 328 ; 3 S. & R., 543 ; 1 Bro. C. C., 409.* Nearly all Munsell's testimony is corroborated, while Loree's stands by itself.

II.  The contract as to the *amount* of land is not absolutely definite, but is sufficiently clear for the purposes of equity. The bill alleges *seven* acres. A larger amount was *paid* for and agreed to be deeded—8 1-5 acres ; but surely the defendant cannot object that we ask for *less* than we paid for. The amount is as clear as in *Burtch v. Hogge,* and many other reported cases, and the allegation and proof are *substantially* the same.

III.  Upon questions of fact and weight of testimony, the appellate courts are slow to disturb the finding of the local courts, personally familiar with parties and witnesses, and often with localities, and possessing peculiar facilities for arriving at the truth. The U. S. courts declare, in maritime cases, that where the testimony is conflicting, the appellant must show a plain, clear, and determined case of mistake of facts, and demonstrate it beyond a reasonable

doubt, or the decree will not be reversed.—(*Damage.*) *Cushman v. Ryan, 1 Story, 96–7;* (*Salvage.*) *Bearse v. 340 Pigs of Copper, do., 332–3;* (*Affreightment.*) *The Grafton, 1 Blatchf., 173;* (*Collision.*) *The Narragansett, do., 217.* So the S. C. U. S.—(*Salvage.*) *The Sybil, 4 Weat., 99;* (*Salvage.*) *Spear v. Place, 11 How., 523;* (*Collision.*) *Walsh v. Rogers, 13 do., 284.*

*H. H. Harmon* and *L. D. Norris,* for defendants.

*First.*—That there is no contract, *clear, definite and unequivocal in all its terms,* shown by the proof in relation to any land in the case, but that the one attempted to be shown is "uncertain, ambiguous, and not clearly proven," and upon that ground the complainant is not entitled to the relief sought.—See *Story Eq., Vol. 1, Secs. 764, 767, and 769; McMurtrie v. Bennette, Harr. Ch. Reports, 124; Millard v. Ramsdell, do., 373; Wilson v. Wilson, 6 Mich., 16.*

*Second.*—That the contract attempted to be shown in the case is variant from that set forth in the bill, in substance, in this, that the one attempted to be proven (if anything at all) is a contract for "thirteen acres," or "what he had paid for," or for some indefinite and uncertain quantity, instead of for "seven acres at the price of thirty-five dollars," as alleged in the bill; and upon this ground the complainant is not entitled to the relief sought. —*Wilson v. Wilson, 6 Mich., page 16.* Quantity and price are matters of substance.—See *Bomier v. Caldwell, 8 Mich., 468.*

*Third.*—The contract and case made by the complainant is denied by the defendant, and there is no preponderance of evidence. The case, therefore, stands without proof and "there is nothing upon which the Court can act," to grant the relief sought.—*Roberts v. Miles, 12 Mich., 306;*

*2d Daniels' Ch. Pr., Perkins' Ed. of 1865, page 839 to 845, and notes.*

*Fourth.*—The acts attempted to be shown as evidence of part performance to take the case out of the statute, are not referable to any contract. The possession of the complainant, to suffice, must have been a possession and holding *under* the contract, a possession *delivered* by the defendant, otherwise it forms no ground for relief. It is not the *taking*, but the *delivery of possession and holding under the contract, that is required.*—*Weed v. Terry, 2 Douglass, Mich. Reports, 351 and 352 ; Story Eq., Secs. 762, 763, and 764; McMurtrie v. Bennette, and Millard v. Ramsdell,* before cited.

GRAVES, J.

The bill in this case was filed for the specific perform-ance of a parol contract for the conveyance of land. The bill states that on or about the 15th day of June, 1852, the complainant purchased of the defendant, Loree, for the sum of $35, a parcel of land in Iosco, Livingston county, described as follows : Commencing at a point thirty-four rods south of the northeast corner of section twenty-two, on the section line, and running south on said section line fourteen rods ; thence west eighty rods ; thence north four-teen rods ; thence east to the place of beginning, contain-ing seven acres. The bill further states that complainant paid Loree the consideration of $35 at the time of the purchase ; that he took immediate possession of the land, and has had the exclusive possession thereof ever since, under and by virtue of said purchase, and has made some improvements thereon; that at the time of the purchase Loree agreed to convey by deed to complainant a good and unincumbered title in fee simple when he should be there-after requested so to do ; that complainant has often

requested Loree to convey according to the agreement, which the latter has, from time to time, promised to do; that Loree nevertheless continued to put off the conveyance upon various pretenses until the 22d of December, 1866, when he bargained and conveyed said land to the defendant, Green; that Green, at the time of the conveyance to him, had notice of complainant's rights, and knew that complainant was in possession.

Both the defendants answered and denied all the material facts stated in the bill, and the Court below decreed performance.

The complainant, and defendant Loree, were both examined as witnesses, and the substance of complainant's testimony is as follows: He stated that he owned a strip of land across the north end of the east half of the northeast quarter of section twenty-two, in Iosco, containing seventeen acres, and held a note against Loree, dated January 1, 1849, and payable in October of that year, for $75 and interest, on which $50 had been paid about a year and a quarter after the date of the note; that he agreed verbally with Loree, in the summer of 1852, to buy a strip of land running across the eighty-acre lot next south of the seventeen-acre parcel, and to contain thirteen acres, at $5 per acre; that the balance of the seventy-five dollar note and six bushels of wheat delivered to Loree were to apply on the purchase, and made *about* .$41; that subsequently it was agreed that instead of the whole thirteen acres, a strip next to the seventeen-acre parcel, and containing so much land as, at $5 per acre, had been paid for by the balance on the note and the six bushels of wheat, should be conveyed to him. He also stated that there was no fence between the land in question, which was covered with timber, and the land of Loree, and that the only way in which

he took possession was by cutting some timber and paying some of the taxes. He further stated that he had retained the seventy-five dollar note. The defendant, Loree, denied that he sold complainant thirteen acres or seven acres, but stated that he offered to sell him thirteen acres, and complainant refused to purchase that quantity, yet informed Loree that he would buy five acres; that he, Loree, then told him that he could have five acres, and that he thinks the price paid was six dollars per acre. The defendant farther testified that he never gave complainant possession; that the latter never paid or offered to pay anything on the land, and that he, defendant, never received any wheat on the land; that he, Loree, had a set-off against the balance of the seventy-five dollar note nearly or quite sufficient to satisfy it, and that complainant was to let him, Loree, have the note and pay the balance required for the land; that complainant never tendered the note or offered to pay for the land. The residue of the testimony is very indefinite and unsatisfactory on the material points, and adds nothing of consequence to those portions of complainant's testimony which relate to the terms of the contract, the description of the land, performance by complainant, and matters conducing to refer acts of possession to the agreement.

It seems evident enough that the complainant and Loree talked more or less about a trade for a parcel of land next south of the seventeen-acre parcel mentioned by complainant in his testimony, but without reaching in express terms any settled and specific understanding on the subject. It is probable that complainant was led by appearances, and vague or general expressions, to suppose that some sort of an agreement subsisted between himself and Lorce under which he was entitled to call for a conveyance.

But whatever may have been tacitly understood, or assumed or imagined, we are satisfied on looking at the proofs that the objections to a decree for complainant are insuperable.

So far as the evidence conduces to show that the minds of the parties came together on any terms of a contract, it points to a very different contract from that set forth in the bill, and if we rest upon the complainant's proofs, which alone refer to the subject, it will be seen that they not only fail to define the premises *as described in the bill,* but fail to define them in any manner which would enable the Court to specify them in a decree, or identify them in any way. Under the evidence given by complainant as a witness, the amount of land, called for by the agreement, he undertakes to prove, is indeterminate, since according to his version he was to have so much as an uncertain and unascertained sum would buy at five dollars per acre, and that circumstance of itself would make it impossible for the Court to ascertain the bounds. The evidence for complainant relating to his possession is extremely equivocal and unsatisfactory. The premises not being identified by the evidence, it is not quite safe to refer the acts intended to show possession to the actual parcel which the supposed agreement would cover. But if otherwise, the evidence leaves it uncertain whether the cutting of timber, etc., by complainant, was mutually known and accepted by the parties as done in virtue of a contract of sale.

We consider it unnecessary to notice the evidence at greater length or with more particularity.

The bill is clearly unsupported by the proofs, and the decree below must be reversed, and the bill be dismissed with costs.

The other Justices concurred.