ROBERT PIERSON *vs.* A. M. BALLARD.

July 7, 1884.

**Statute of Frauds—Contract for Sale of Land—Defective Description.**

A written contract for the sale of "two and one-half acre tract of land, being the first half of the five-acre tract along by the fence just back of the Chicago Catholic burying-ground," does not apparently describe any land as the subject of the sale, so as to satisfy the statute of frauds. Complaint for specific performance, based upon such contract, *held* demurrable.

Appeal by defendant from an order of the district court for Hennepin county, *Koon,* J., presiding, overruling a demurrer to the complaint.

*Cyrus J. Thompson,* for appellant.

*F. Hooker,* for respondent.

The contract is sufficient to satisfy the statute of frauds. Evidence may be resorted to in order to identify the property. The location and identification of the land may be established by parol. *Sanborn* v. *Nockin,* 20 Minn. 163, (178;) *Tice* v. *Freeman,* 30 Minn. 389; *Ames* v. *Lowry,* Id. 283; *Hurley* v. *Brown,* 98 Mass. 545; *Mead* v. *Parker,* 115 Mass. 413; Pomeroy on Contracts, § 90.

DICKINSON, J. We are to consider as to the sufficiency of a complaint upon which the plaintiff, as the vendor of real property, seeks to enforce against the vendee the specific performance of a contract of sale.

The only facts appearing from the complaint which need be noticed, are these, viz.: That the plaintiff was and is the owner of real property in Hennepin county, in this state, briefly described as the W. $\frac{1}{2}$ of the S. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 11, township 28, range 24; that the plaintiff and defendant entered into a written agreement in these terms:

"MINNEAPOLIS, May 16, 1883.

"Received of A. M. Ballard forty dollars, as earnest-money and in part-payment for the purchase of two and one-half acre tract of land,

being the first half of the five-acre tract along by the fence just back of the Chicago Catholic burying-ground, which we, as authorized agents, have this day sold to said A. M. Ballard; * * * said sale subject to the approval of owner.

"PIERSON & OVERMIRE, Agents.

"Sale approved. ROBERT PIERSON, Owner."

The complaint further alleges "that by the description of lands mentioned in the written contract aforesaid it was intended by the parties thereto to embrace and include the lands first herein described."

The complaint is insufficient, because it is not alleged, nor does it appear from the facts alleged, that any contract for the sale of land has been made which is valid under the statute of frauds. The writing does not describe or designate the land which is the subject of its provisions. We will assume (although we do not decide that the complaint shows the fact to be so) that the burying-ground is a place sufficiently designated by the name employed, and that the "five-acre tract along by the fence just back of" it, is well described and susceptible of certain identification. The question, then, is, which two and a half acres of the five-acre tract is referred to? The words "along by the fence," etc., grammatically and naturally refer to the five-acre tract, and not to the two and one-half acre tract of land. Hence, the two and a half acres is not designated as that part (of the five-acre tract) along by the fence. The only designation given to it is that it is the "first half" of a defined (as we assumed) larger tract. This description is upon its face ambiguous. It will allow the two and a half acres to be taken from either one of the several sides of the five-acre tract. It may equally well refer to the north, south, east, or west half of the larger body of land. If the term "first half" is to be deemed as meaning that part of the five acres which is first reached in approaching the land, it is still undisclosed whether it contemplates an approach from the direction of the burying-ground or from Minneapolis, and whether in a direct line or by some highway or usual course of travel. The contract does not appear to be susceptible of an interpretation which makes it to describe or designate any particular body of land.

In an action upon the contract set out in terms in the complaint, no other legal force can be given to the instrument, upon demurrer, than that disclosed upon its face, unless that apparent legal effect is modified by the proper averment of facts which may affect the legal construction of the written instrument. Such facts, if any exist, should be stated in the complaint. If, for instance, a particular part of the five-acre tract was well known and commonly designated by name as "the first half" of the five-acre tract, so that the use of those words imported a definite description, it should be shown by the complaint. Without considering now the question as to what facts or circumstances, not referred to in the contract, may be considered for the purpose of identifying land which is not fully described therein, it is enough for the purposes of this case to say that nothing is alleged in the complaint which can affect the contract in this particular. The right of the plaintiff to a remedy in the action rests alone upon the legal sufficiency of the written instrument as a contract. That instrument does not describe any land; and, no other fact appearing which could be considered in its construction, it must be deemed void under the statute of frauds. Not only is there nothing in the complaint to aid the apparently defective description of land in the contract, but it does not appear that the plaintiff is the owner of the land there assumed to be referred to. The complaint shows the plaintiff to be the owner of a tract of land which is specifically described with reference to the governmental survey; but it is not alleged, nor does it appear, that that is the same land referred to in the contract. If the terms employed in the contract do not describe the land averred to be owned by the plaintiff, and they do not appear to do so, it is not enough, in an action to enforce specific performance, that the parties "intended" by those terms to describe such land. The words, "Sale approved. Robert Pierson, Owner," are recited as a part of the written instrument. The recital does not serve the purpose of an allegation that the plaintiff is the owner of the land. We will add, in view of further proceedings in the action, that if the land attempted to be described in the contract can only be identified by showing the oral agreement or the understanding of the parties, the case is, in our opinion, plainly within the statute of frauds, and the

contract void. We understood that this state of facts was admitted upon the argument to exist, and that the plaintiff, in fact, owned the whole of the five-acre tract.

Order reversed.