HOLLENBECK, Appellant, *v.* PRIOR *et al.*, Respondents..

**1. Specific Performance—Contract—Certainty.**

P., in consideration of a conveyance of land at a certain figure, on which to plat a town, agreed to plat the same and reconvey to the owner a block of average size to include the land on which his dwelling stood. After the town had been platted this block was fractional.. *Held*, the agreement was too indefinite and uncertain to be specifically enforced.

**2. Same—Part Performance.**

In an action for specific performance of a contract, a party cannot: predicate part performance upon being in possession of the land, when. the possession was not induced by the contract.

(Argued May 9, 1888; affirmed May 25; opinion filed October 1, 1888.)

Appeal from the district court of Sanborn county; Hon.. BARTLETT TRIPP, Judge.

*N. B. Reed,* for appellant.

It is obvious from the contract that all parties intended the reserved block to conform in size to the others, and that the streets bounding the other blocks should form the boundaries to this block.

The general rule of specific performance is that a conveyance will not be enforced if the boundary of the tract is not agreed upon. There are at least two exceptions to this rule: *First,* where the contract itself prescribes the manner of fixing the boundaries; *second,* where the parties have entered into a partial performance of the contract.

It must be borne in mind that this case does not present a mere executory contract; it sets out a case where the grantor remains in possession, asserting his rights, and at the same time shows that the contract has been in part performed according to the agreement by delivery of deed and subsequent survey into blocks and lots, streets and alleys. We maintain that, having so far located this block by running streets on three sides of it,—on the south, west, and north,—that in equity Fourth avenue, extended, became the eastern boundary. With appellant in possession, any one with the deed reserving the block, and the memorandum referred to it in the deed, could take the plat and locate the exact block these parties intended to be excepted from the grant. The contract between these parties is capable of construction. It is not void from uncertainty. Pom. Spec. Perf. § 159; Waterman, Spec. Perf. § 142; *Purinton* v. *North. Ill. R. R. Co.,* 46 Ill. 297; *Sanderson* v. *C. & W. R. R. Co.,* 11 Beav. 497; *Parker* v. *Taswell,* 4 Jur. U. S. 183; *Brashier* v. *Gratz,* 6 Wheat. 528.

*W. H. Norris* and *Dillon & Preston,* for respondents.

The decision below was right.

1. If the plaintiff has a valid, intelligible, certain contract, he has an ample remedy in damages for the difference between block 29 as it is and as he claims it ought to be. *Parkhurst* v. *Van Cortlandt,* 1 John. Ch. 273.

2. The case here attempted is too broad. No cause of action is shown for demandable relief, and for no more.

3. No effectual or final relief is here awardable for want of the presence before the court of the public or public authorities, as to surrounding streets.

The authorities cited by appellant do not sustain his position. An examination shows them favorable for respondents.

Our chief contention is that the alleged contract, memorandum, or reservation, whether considered as a contract or as a notice to the railway company, is void for uncertainty, and incapable of specific enforcement.

The only *data* for the required block are that it should contain Hollenbeck's dwelling-house, (particular location not disclosed,) and contain not more than 300 feet square.

This is a proceeding *in rem*. Where is the *rem*?

"Clearness and certainty in a contract are obviously so important and fundamental, it seems scarcely necessary to say very much on the subject, or to refer to many authorities." Waterman, 152, 154; *Colson* v. *Thompson*, 2 Wheat. 336; *Morrison* v. *Rassignol*, 5 Cal. 65; *Minturn* v. *Baylis*, 33 Cal. 129; *Agard* v. *Valencia*, 39 Cal. 292; *Munsell* v. *Loree*, 21 Mich. 497; *Schmeling* v. *Krissel*, 45 Wis. 325; *Waterman* v. *Dutton*, 6 Wis. 265; *Parkhurst* v. *Van Cortlandt*, 1 Johns. Ch. 273; *Ring* v. *Ashworth*, 3 Ia. 452; *Camden & A. R. R. Co.* v. *Stewart*, 18 N. J. Eq. 491; *Whelan* v. *Sullivan*, 102 Mass. 204; *Jordan* v. *Fay*, 40 Me. 132; *Blanchard* v. *Detroit, L. & L. M. R. R. Co.*, 31 Mich. 52, 53, 58; *Preston* v. *Preston*, 95 U. S. 200–202; *Pierson* v. *Ballard*, 32 Minn. 263, 20 N. W. Rep. 193; *Westfall* v. *Cottrills*, 24 W. Va. 763; *Ryan* v. *Davis*, 5 Mont. 505; *Taney* v. *Batchell*, 34 Md. 154; *Appeal of Holthouse*, 12 Atl. Rep. 340.

The part performance recognized in the case of *Purinton* v. *North. Ill. R. R. Co.*, 46 Ill. 297, is improvement, expenditure, by a purchaser let into possession, induced or knowingly permitted by vendor, and for that reason estopping the vendor.

Here Hollenbeck, always in possession by virtue of his original ownership, since conveying has expended or done nothing.

CARLAND, J. This is an appeal from a judgment of the dis-
trict court for Sanborn county, sustaining a demurrer to the
complaint of the plaintiff. Two demurrers were interposed;
one by the defendant the Chicago, Milwaukee & St. Paul Rail-
way Company, and one by defendant Charles H. Prior. The
ground of demurrer, as specified by said defendants, was that
the complaint did not state sufficient facts to constitute a cause
of action. The defendant John Paul filed a disclaimer. On the
hearing of the demurrers the same were sustained, and, the plain-
tiff electing to stand on his complaint, judgment was entered
in favor of defendants, from which judgment plaintiff appealed.

The plaintiff, in his complaint, alleges, in substance, that on
September 18, 1883, plaintiff was the owner of the N. E. ¼ of
section 28, township 107 N., of range 62, upon which he then
and ever since has resided. That by warranty deed dated Sep-
tember 18, 1883, he conveyed a portion of said land to the de-
fendant Charles H. Prior. That by a memorandum in writing
it was mutually agreed between said plaintiff and said Charles
H. Prior that, in consideration of the conveyance of said land
to said Prior for the sum of $2,500, said Prior would lay out a
town, and plat said land into lots and blocks, streets and alleys;
and that plaintiff might reserve to himself one block of land of
the average-sized blocks of said town, not to exceed 300 feet.
square; and that the block that should be reserved should
be the one on which the plaintiff's dwelling-house then stood.
That the deed of conveyance from plaintiff to said Prior con-
tained this reservation: "Reserving to himself his dwelling-
house, and one block of land where the same is situated, to be
reconveyed to said Hollenbeck by said Prior, as per memoran-
dum this day made." That after the making of said deed, and
prior to October 13, 1883, said Prior duly platted said land into
blocks of the average size of 300 feet square, which plat was.
duly recorded October 17, 1883, in the office of the register of
deeds of Sanborn county. That when said plat was completed,
the portion of land on which plaintiff's dwelling-house stood
was shown as a fractional block, and numbered block 29. That.

said block was not 300 feet square. That said fractional block measured 262.7 feet on Sixth street, 300 feet on Dumont avenue, 129.4 feet on Seventh street, and on the east was bounded by a straight line drawn from a point on the north side of Sixth street, 262.7 feet east of Dumont avenue, to a point on the south side of Seventh street, 129.6 feet east of said Dumont avenue. That the Chicago, Milwaukee & St. Paul Railway Company is a subsequent purchaser, with notice, of a portion of the premises. That said Prior never reconveyed to plaintiff any portion of the said quarter section. That the streets and alleys made by the platting of the premises in question were legally dedicated to the public use of the town of Woonsocket. The principal prayer of the complaint is that the defendant Charles H. Prior be required to duly execute and deliver to plaintiff a good and sufficient deed for a block of land 300 feet square, which shall include plaintiff's residence; or, in case of the refusal of said Prior so to do, that the court appoint some person to make such conveyance.

All facts sufficiently pleaded are admitted by the demurrers of defendants; consequently the only question for this court to determine is, (taking the statements of the complaint to be true,) can a court of equity grant the relief prayed for? It will be observed that the plaintiff does not ask that defendant Prior be compelled to convey to him block 29 as platted, but a block of land 300 feet square, which shall include within its boundaries the plaintiff's dwelling-house. In order to do this, the court would be obliged to replat the town of Woonsocket. The district court of Sanborn county was asked to grant the relief prayed for, because in the deed of conveyance from the plaintiff to Prior there was a reservation of a block of land where plaintiff's dwelling-house stood, and by the written memorandum executed about the same time said block was to be an average-sized block not exceeding 300 feet square. We think the district court did right in sustaining the demurrers of defendants, for the reason that the contract set forth in the complaint is too indefinite and uncertain to be specifically enforced by a court of

equity. It is an elementary principle of equitable jurisdiction
in cases similar to the one under consideration that, "if the
contract be vague or uncertain, or the evidence to establish it
be insufficient, a court of equity will not exercise its extraordi-
nary jurisdiction to enforce it, but will leave the party to his
legal remedy." *Colson* v. *Thompson*, 2 Wheat. 336; *Morrison*
v. *Rossignol*, 5 Cal. 65; *Minturn* v. *Baylis*, 33 Cal. 129; *Agard*
v. *Valencia*, 39 Cal. 292; *Munsell* v. *Loree*, 21 Mich. 497;
*Schmeling* v. *Kriesel*, 45 Wis. 325; Wat. Spec. Perf. § 154; *Pres-
ton* v. *Preston*, 95 U. S. 200–202; *Blanchard* v. *Railroad Co.*,
31 Mich. 52, 53; *Whelan* v. *Sullivan*, 102 Mass. 204; *Jordan* v.
*Fay*, 40 Me. 132; *Pierson* v. *Ballard*, 32 Minn. 263, 20 N. W.
Rep. 193.

How could the district court tell from the complaint what the
location and boundaries of the proposed block were? And, if
so, how could it change the plat of the town of Woonsocket
in this action?

Appellant seeks to avoid the objections here suggested by al-
leging that the contract had been partially performed by the
plaintiff; that he was in possession of the land to be reconveyed,
and still remains in possession; but it cannot be claimed that
the plaintiff went into possession of the land in pursuance of
the contract, for he was residing on the land when the contract
was made. If there has been any part performance of the con-
tract, it has been performed by Prior, and his part perform-
ance could not aid the plaintiff in this action. Part perform-
ance, which courts recognize as sufficient to entitle a person to
specific performance of contracts relating to land, is improve-
ment and expenditure made by a purchaser let into possession,
induced or knowingly permitted by the vendor. The appellant,
in support of his contention, relies principally upon *Purinton*
v. *Railroad Co.*, 46 Ill. 297. An examination of that case, how-
ever, shows that it supports the position of the respondent.
Purinton had agreed to convey to the railway company a right
of way across his land 80 feet wide. No definite place was
mentioned in the contract as to where the right of way should

be located. The company built its line across Purinton's land, and demanded a deed for the strip taken, which was refused. The company then brought suit to compel a specific performance of the contract. The defense was made that the contract was too uncertain and indefinite. In discussing this question the court says: "It is insisted that this contract is too indefinite and uncertain in its description of the land to be enforced. There might be force in this objection if it were not that the company had gone into possession and constructed their road with the permission of appellants. By letting the company into possession, the parties locate the eighty-feet strip through this piece of ground. They give a construction to the agreement by the manner in which they have in part executed it. If a vendor gives a bond for the conveyance of ten acres, part of one hundred and sixty acres, or other large tract, without any other designation of the particular portion, such a contract would no doubt be inoperative for want of certainty, NOR COULD THE PURCHASER OR A STRANGER TO THE CONTRACT DO ANY ACT BY WHICH THAT UNCERTAINTY COULD BE AIDED OR REMOVED. But if the vendor and vendee were to select the number of acres, and separate them from the remainder, and the purchaser were permitted to enter into the same, make improvements thereon, and to hold possession, the contract would thereby be so far executed as to remove the uncertainty, and a court of equity would compel the execution of a deed. By permitting the purchaser to hold possession, and to make lasting and valuable improvements, the vendor is estopped from urging the uncertainty of his obligation. And this fully accords with the case of *Shirley* v. *Spencer*, 4 Gilman, 583. In that case the parties had located one tract of the land, but had failed to locate the other; and the court decreed a specific performance of the contract so far as the parties had located the one by possession and improvement, etc., but dismissed the bill as to the other, where they had failed in any manner to determine its location.

"It is true, appellants deny that Purinton ever put the company into possession, but they admit that he permitted them

to proceed to locate and construct their road at that place.
We are at a loss to perceive a distinction between the two
acts. What he permitted the company to do, without objec-
tion, amounted to putting them into possession as fully as if
he had personally gone on the land, and formally said to
them that he invested them with possession. He admits that
he permitted them to go on it and construct their road."

It will be seen that it is impossible for any person to as-
certain from the contract set forth in the complaint how much
land was to be conveyed by Prior to Hollenbeck, or where it
should be located. Judgment affirmed. All concur.