LOOMIS & SON v. STEWART *et al.* ·  |75 387
|78 484;

1. **Assignment for Benefit of Creditors:** PART OF PROPERTY
ONLY: VALIDITY. Section 2115 of the Code makes invalid a *general*
assignment for the benefit of creditors which is not made for the
benefit of all the creditors in proportion to the amount of their
respective claims; but there is no statute depriving a debtor of the
common-law right to make a partial assignment of his property
for the benefit of his creditors. (Compare *Lampson v. Arnold*, 19
Iowa, 479).

2. ———: ———: DEED AS EVIDENCE. A deed of assignment for the
benefit of creditors which purports to convey only a part of the
assignor's property, is *prima facie* valid as a partial assignment, and
is admissible in evidence as such.

3. ———: ———: VALIDITY: INSTRUCTION. The debtor executed a
deed of assignment for the benefit of creditors, purporting to con-
vey only his personal property. Shortly before its execution he
conveyed his real estate to a creditor in satisfaction of a debt.
The court directed the jury ·that if the deed for the real estate was
executed in pursuance of a definite prior agreement between the
debtor and the creditor, in such sense that its execution and that
of the deed of assignment were not in reality parts of one and the
same transaction, the assignment was not invalid. *Held* that the
instruction was not objectionable on account of the failure to
direct the jury as to what would be a valid agreement for the
conveyance of the real estate; because, since the assignment
purported to be partial only, the question of its validity depended
only on whether it was in fact so ; that is, whether the deed of the
real estate and the assignment were not so connected in point of
time and in intention as to form parts of the same transaction, and
thus constitute a general assignment; which question was properly
submitted. (*Burrows v. Lehndorff*, 8 Iowa, 96, and *Cole v. Deal-
ham*, 13 Iowa, 551, *distinguished*).

4. ———: VALIDITY: EVIDENCE. The fact that an assignor has with-
held a part of the assigned property and appropriated it to the
payment of a particular creditor, will not invalidate the assign-
ment, since the title to the property nevertheless passes to the
assignee. And where the question before the court is the validity
of the assignment, evidence of such facts is properly excluded as
immaterial.

*Appeal from Delaware District Court.*—HON. JOHN J. NEY, Judge.

FILED, OCTOBER 6, 1888.

PLAINTIFF brought an action at law, on a money demand, against defendant Stewart, and sued out a writ of attachment, under which certain personal property was seized. Griffin intervened, claiming the property under a deed of assignment executed by Stewart before the attachment was levied. Plaintiff answered the intervenor's petition, alleging that the assignment was void for the reasons (1) that, at the time of its execution, and as part of the same transaction, Stewart executed a conveyance of certain real estate owned by him, and not exempt from execution, to the Delaware County Bank, a creditor, in payment of the debt he was owing it, thereby giving to it a preference over the other creditors ; and (2) that it did not convey to the assignee all of the property then owned by the assignor, and not exempt from execution. The issue was tried to a jury, and there was a verdict and judgment for intervenor. Plaintiffs appeal.

*Bronson, Carr & Leroy, W. H. Norris* and *Blair & Dunham,* for appellants.

*Yoran & Arnold, J. B. Satterlee* and *E. P. Seeds,* for appellees.

REED, J.—There was no substantial conflict in the evidence. The deed of assignment under which the intervenor claims purports to convey to him all of the personal property, rights and credits belonging to the assignor, and not exempt from execution ; and it empowers him to sell and convert the same into money, and pay the same to the creditors of the assignor in proportion to the amount of their several claims. The instrument was executed on the twelfth of October, 1887, and was delivered to the assignee on the same day, and he accepted the trust. About one hour before the instrument was executed, Stewart and his wife executed to the Delaware County Bank a conveyance of a forty-acre tract of land, it being the only real estate exempt

from execution which he then owned. He was indebted to the bank to the amount of six hundred dollars, for which it held his notes. Some time before the transaction in question, the cashier of the bank saw him, and urged him to pay the indebtedness, but he stated that he was not able to pay the amount at that time. During the conversation, however, he stated that he owned forty acres of land, which was incumbered by a mortgage for six hundred dollars, and he offered to convey the same to the bank, subject to the mortgage, in payment of the debt, and in answer to that offer the cashier stated that the bank would accept the conveyance. Stewart saw the cashier again on the eleventh of October, and inquired whether he should make the conveyance to the bank or to one of its officers, and was directed to make it to the bank. He was in failing circumstances at the time, and his creditors were pressing him for payment. When he executed the conveyance, he gave it to the attorney who prepared the deed of assignment, and requested him to deliver it to the bank, which he did about four hours after the delivery of the deed of assignment and the acceptance of the trust of the assignee. The attorney had no authority from the bank to receive or accept the deed for it, but in making the delivery he acted under the direction of Stewart. The assignee, however, was informed of the execution of the deed, and the object for which it was given, before he accepted the trust.

I. It was contended (1) that the naked promise of Stewart to convey the land to the bank, and the 1. Assignment agreement of the cashier to accept it in for benefit of satisfaction of the debt, did not create an creditors: part of prop- enforceable equity in the property in favor erty only: of the bank ; and (2) that the deed to the bank validity. could not operate to divest Stewart of the property until its delivery, and delivery was not accomplished until the attorney surrendered it to the bank. And it was argued that, as Stewart continued to be the owner of the property when he executed the deed of assignment,

Loomis & Son v. Stewart.

and did not include it in that conveyance, the assignment is void. For the purposes of the case it will be admitted that Stewart was the owner of the land when he executed the assignment; that the bank had no equity in it; and that the deed of assignment conveyed his personal property only to the assignee. It follows, then, that the assignment was of but a portion of his property. But the right of a debtor, in the absence of statutory restrictions, to make a partial assignment for the benefit of creditors has always been recognized. No right or interest in the property of the debtor accrues in favor of the creditors by virtue of the fact merely that they are creditors, but he may make any disposition of it he chooses, provided, only, that such disposition be made with an honest intent, and for a lawful purpose. He may lawfully pay or secure one or more of his creditors to the exclusion of others, and he may convert all or any portion of his property into money for that purpose. Now, our statutes have not undertaken to restrict the debtor as to the disposition of his property for the payment or security of his debts, except in the case of a general assignment, and the single limitation there prescribed is that such assignment can be made only for the benefit of all of the creditors in proportion to the amount of their respective claims. Code, sec. 2115. The whole subject was elaborately considered in *Lampson v. Arnold,* 19 Iowa, 479, and it is there distinctly announced that the common-law right of an insolvent to make a partial assignment for the benefit of creditors is in no manner affected by the statute. Under that holding the assignment in question would not be invalidated, even if the deed to the bank never became operative.

II.   Plaintiffs objected to the admission of the deed of assignment in evidence, on the ground that it did not upon its face purport to be an assignment of all of the property of the assignor. Admitting the ground of the objection, still, as the instrument purports to convey the property in question, and *prima facie* is good as a partial assignment, it was admissible as evidence.

2. —:—: deed as evidence.

III. The court directed the jury, in effect, that if
the execution of the assignment and the deed to the
bank was in fact but a single transaction,
3. ——: ——:
validity:      and both instruments were executed by
instruction.
Stewart with the view of disposing of his
property for the benefit of his creditors, then, as they
covered all of his property, and gave a preference to the
bank, the assignment was void.    He also instructed that
if there was a prior agreement between him and the
bank, by which he had undertaken to convey the land
to it, and such agreement was definite as to its terms and
subject, and the deed was executed in pursuance of that
agreement, in such sense as to be a distinct transaction
from that of the execution of the assignment, and
independent of it, the assignment was not invalid.    One
objection urged against this latter instruction is that it
failed to direct the jury as to the essentials of a valid
contract.    The position of counsel is that the deed
conferred no rights or interest on the bank before deliv-
ery, unless it was executed in pursuance of a valid and
enforceable contract previously entered into between the
parties, and as delivery was not accomplished until after
the execution of the assignment, it was important for
the jury to determine whether there was such prior
agreement.    If the assignment had been general,—that
is, if it had purported to convey the real estate as well
as the personal property,—this position would be appli-
cable.    But, as we have seen, it purported to convey
but the latter, and the question as to its validity
depended, not upon whether the deed was executed in
pursuance of a prior valid agreement, but upon whether
that act was so connected in point of time and intention
with the execution of the other instrument as to form a
part of that transaction, and with it constitute a general
assignment.    And that is the question which the
instruction submitted to the jury.    In view of the
character of the assignment, it was not important to
inquire whether the bank acquired any interest in the
property before the delivery of the deed, or not.    If the
assignment had been general, it is probable that it

would not have acquired any. At least, so much is conceded. But the inquiry whether it did or not in no manner affects the question as to the real character of the assignment, which is the one upon which the case turns. That question was to be determined from the circumstances surrounding the execution of the instruments, and the motives and intentions of Stewart in executing them. These considerations dispose of the further objection urged by counsel that the evidence did not establish a valid and enforceable contract for the conveyance of the land between the bank and Stewart; also of the exception to the action of the court in refusing to give an instruction which defined, with more particularity than was done in those given, the essentials of a valid contract. The case, in its facts, is essentially different from *Cole v. Dealham*, 13 Iowa, 551, and *Burrows v. Lehndorff*, 8 Iowa, 96. The assignment in each of those cases was general, in that it purported to convey all of the assignor's property. Creditors of his sought to defeat it on the ground that by other conveyances, executed at the same time, and constituting part of the same transaction, he gave preferences to certain of his creditors. In those cases it was important to inquire whether the debtor was under any legal obligation to secure the preferred creditors. They did not involve the question here considered, whether the debtor intended to withhold a portion of his property from the assignment, and thus make it a partial assignment.

IV. The court excluded certain evidence offered to prove that the assignor had withheld certain of his personal property, and had appropriated it to payment of his debt to a particular creditor. If the facts are as claimed by plaintiff, the assignee can yet recover the property, and could be compelled to pursue it by proper proceedings in the hands of the purchaser. But they do not invalidate the assignment. Under it the title to all of the personal property of the assignor passed to the assignee, regardless of any secret intentions on the part of the former.

4. ——: validity: evidence.

AFFIRMED.