## SCHECK v. KELLY.

(Circuit Court, W. D. Arkansas. August 2, 1899.)

No. 164.

INJUNCTION—DAMAGES FOR WRONGFUL ISSUANCE—RIGHT OF ACTION.

Where an injunction has been granted without bond, and subsequently the injunction is dissolved, and the bill dismissed, no action will lie at the instance of the defendant against the plaintiff in the injunction suit for damages sustained by reason of the issuance of said injunction.

On Demurrer to Complaint.

Ira D. Oglesby, for plaintiff.

H. C. Mechem, for defendant.

ROGERS, District Judge. The defendant, Harry E. Kelly, sued the plaintiff, A. Scheck, in the chancery court of Phillips county, Ark., and procured an injunction against him restraining him from entering upon, cutting down, or removing timber already cut upon certain lands in that county. Subsequently the injunction was dissolved, and the bill was dismissed. Scheck, who is a citizen of Germany, residing in the state of Tennessee, now sues Kelly, who is a resident of the Ft. Smith division of the Western district of Arkansas, in this court for damages sustained by reason of said injunction. The suit is not based upon any injunction bond, nor does it appear that any was given, but is a simple suit at law for damages, alleging that he sustained damages in the sum of $3,537.60. Kelly demurs to the complaint generally for insufficiency, and, secondly, that plaintiff's complaint is not based upon any bond given to obtain said injunction, and that aside from and without such a bond there is no liability for any damages because of the issuance of said injunction. The court is of opinion that this demurrer should be sustained. In the case of City of St. Louis v. St. Louis Gaslight Co., 82 Mo. 354, it is said:

"It seems that, without some security given before the granting of an injunction order, or without some order of the court or a judge requiring some act on the part of the plaintiff which is equivalent to the giving of security, such as a deposit of money in court, the defendant has no remedy for damages which he may sustain from the issuing of the injunction, unless the conduct of the plaintiff has been such as to give ground for an action for malicious prosecution."

There is nothing in the complaint upon which to base a suit for malicious prosecution. See, also, Russell v. Farley, 105 U. S. 433; Lawton v. Green, 64 N. Y. 326; Hayden v. Keith (Minn.) 20 N. W. 195. The demurrer is sustained.