## JOHNSON v. PLOTNER *et al.*

An agreement on payment of part of the price, to convey realty at a future date on the vendee executing such security for a deferred pay-

ment as may at that time be agreed on, is too incomplete to authorize a decree for its specific performance.

(Opinion filed October, 2, 1901.)

Appeal from circuit court, Roberts county. HON. A. W. CAMPBELL, Judge.

Action by Jonas Johnson against Thomas M. Plotner and another, to enforce the specific performance of a contract for the sale of certain realty.

*Thomas L. Bouck,* for appellant.

Where part of the purchase price is paid and possession taken and improvements made, the contract is not within the statute of frauds, and specific performance thereof may be denied. A purchaser of the vendor while the vendee is in notorious possession takes subject to rights of the vendee and is charged with knowledge of such rights. Morrison v. Trainor, 65 N. W. 444; Lipp v. Hunt, 41 N. W. 143; Lipp v. Syndicate, 40 N. W. 129; Gergern v. Richardett, 12 N. W. 384; Betts v. Letcher, 1 S. D. 182; May v. Stardivant, 39 N. W. 221; § 3617, Comp. Laws; Pom. Spec. Per. Cont. 126.

*Barrington & Lane* and *Howard Babcock,* for respondents.

For a long time prior to the agreement for sale plaintiff had been in possession of a part of the premises in controversy, under a parol lease and his building was partially situated upon it. After the agreement the plaintiff dug a cellar upon the premises and moved his building over upon it. This and the fact that he paid ten dollars upon the contract was not a sufficient part performance to take the agreement out of the statute of frauds. Story's Eq. Juris., sec. 760; Duff v. Hopkins, 33 Fed. 599; Townsend v. Fenton, 21 N. W. 726; Wheeler v. Reynolds, 66 N. Y. 232; Hollenbeck v. Prior, 5 Daw. 298; Recknogh v. Schmalz, 72 Ia. 63.

The agreement for sale was too indefinite to admit of specific performance. Williams v. Stewart, 25 Minn. 516; Schmeling v. Kriesel, 45 Wis. 325; Mayer v. McCreery, 119 N. Y. 434; Gates v. Gamble, 53 Mich. 181; Hollenbeck v. Prior, 5 Dak. 298; McGee v. McManus, 70 Cal. 553; Morrison v. Rossignol, 5 Cal. 65; Huff v. Shepard, 58 Mo. 242; Story Eq. Jur., sec. 764.

CORSON, J. This is an action by the plaintiff to enforce the specific performance of a contract for the sale of a lot in the town of Wilmot. Findings and judgment rendered in favor of the defendants, and plaintiff appeals.

It appears from the record in this case that the plaintiff was in possession of the lot at the time of the alleged sale, and that he had a building on a portion of the lot at the time of the contract. After the alleged agreement he excavated a cellar about eight feet square and six feet deep, and moved a building occupied by him further over onto the lot. The court finds, among other things, that in October, 1898, the defendant Plotner "entered into a parol agreement to sell said premises for the price of $175, and that at said time the plaintiff paid to the defendant $10 as a part of the agreed purchase price of said premises; that on or about the 26th day of December, 1898, the plaintiff was to make a further payment on the purchase price of said premises, at which time the defendant Thomas M. Plotner was to convey said premises to the plaintiff, and the plaintiff was to execute to the said defendant such security for the deferred payments as might at said time be agreed upon between the parties; that the nature of the security, the kind of conveyance, the amount of deferred payments of the balance of the purchase price of the premises, and the time when the same should become due, were to be agreed upon between the parties when the said further payment was

made." The court concludes as a matter of law that the defendant Plotner was the owner of the premises, and had the right to sell and convey the same to the defendant Kegg, and that the plaintiff is not entitled to the specific performance of the agreement. The finding as to the terms of the agreement does not appear by the record to have been excepted to, and the principal questions to be considered are whether, under this finding the plaintiff was entitled to judgment, and whether or not certain evidence offered by the plaintiff was properly excluded. It is contended on the part of the respondents that the judgment should be sustained, for the reasons: First, there was no such part performance as the law contemplates; second, that the plaintiff was in default; third, the contract was too indefinite in its terms to authorize its specific performance. The appellant, on his part, contends that excavation of the cellar and the moving of the building further over onto the lot was sufficient part performance to take the agreement out of the statute, and that plaintiff's default was assented to by the defendants, and that the agreement is sufficiently specific to be enforced by a court of equity. The rule applicable to the enforcement of parol agreements is that the agreement must be clear and definite as to all the terms of the same. Judge STORY, in his work on Equity Jurisprudence, states the rule as follows: "But, in order to take a case out of the statute upon the ground of part performance of a parol contract, it is not only indispensable that the acts done should be clear and definite, and referable exclusively to the contract, but the contract should also be established by competent proofs to be clear, definite, and unequivocal in all its terms. If the terms are uncertain, or ambiguous, or not made out by satisfactory proofs, a specific performance will not (as, indeed, upon principle it should not) be decreed. The reason would seem obvious enough, for a court of equity ought not to act

upon a conjecture; and one of the most important objects of the statute was to prevent the introduction of loose and indeterminate proofs of what ought to be established by solemn written contracts." 1 Story, Eq. Jur. § 764. In Williams v. Stewart, 25 Minn. 516, the supreme court of Minnesota, says: "The agreement is deficient, however, in a very important particular. Courts will not specifically enforce oral contracts to convey real estate, the material terms of which do not clearly appear—will not make contracts for the parties. The agreement here was for the conveyance of land at the price of $1,153.50, with interest at the rate of 12 per cent. per annum from August 26, 1871, five hundred to be paid within one year, upon which the conveyance was to be made, and a mortgage to be given for the remainder of the purchase money. The parties agreed that credit should be given for the remainder, but the terms of such credit, whether it was to be for one, five or ten years, do not appear. That was evidently left for future negotiations. The court cannot supply the omission." In Huff v. Shepard, 58 Mo. 242, the agreement was in writing, and provided that the balance of the purchase money was to be paid on such terms as might be agreed upon between the parties. The supreme court of Missouri held that such a contract could not be specifically enforced. In Schmeling v. Kriesel, 45 Wis. 325, the supreme court of Wisconsin says: "The contract being to give credit for a part of purchase money, and the time when the credit should expire and the money become payable not having been fixed by the parties, we think the contract is too uncertain or incomplete to authorize a court of equity to decree its specific performance." Hollenbeck v. Prior, 5 Dak. 298, 40 N. W. 347; Morrison v. Rossignol, 5 Cal. 65; Brown v. Brown (Mich.) 11 N. W. 205; Nelson v. Kelly, 91 Ala. 569, 8 South. 690; Cole v. Dealham, 13 Iowa, 551; Williams v. Stewart, 25 Minn, 516; Mayer v. McCree-

ry, 119 N. Y. 434, 23 N. E. 1045; Gates v. Gamble, 53 Mich, 181, 18 N. W. 631; Magee v. McManus, 70 Cal. 553, 12 Pac. 451; Huff v. Shepard, 58 Mo. 242. It appears from the findings of the court in this case that subsequent to the making of the agreement and the payment of $10 thereon the defendant Plotner was to convey said premises to the plaintiff, and the plaintiff was to execute to said defendant such security for the deferred payment as might at said time be agreed upon between the parties. The nature of the security the amount of deferred payments, and the time when the same should became due are left to be agreed upon between the parties, but no conveyance or agreement was entered into regarding the deferred payments. No clear and specific contract was entered into which could be enforced by a court of equity.

In the view we have taken of this case, it is not necessary to discuss the question relating to the exclusion of evidence tending to prove the payment of taxes and the improvements made upon the lot by the plaintiff.

We are of the opinion that the court was right in its conclusions of law, and that the judgment and order denying a new trial should be affirmed, and the same are affirmed.