## PHILLIPS V. SWENSON.

In an action to compel a conveyance of land pursuant to an oral contract by which defendant advanced the purchase price and took title agreeing to convey to plaintiff on payment of the amount advanced, with interest, testimony that the parties thereafter had an accounting and settlement, at which defendant paid to plaintiff a balance found due, and plaintiff relinquished all claim to the land, was competent; Comp. Laws, § 3617, requiring that all agreements for the sale of real property or any interest therein shall be in writing, and section 3245, providing that no estate in real property can be transferred except by an instrument in writing subscribed by the party disposing of the same, having no application to such case.

(Opinion filed December 31, 1902.)

Appeal from circuit court, Minnehaha county; Hon. J. W. JONES, Judge.

Action by Anton P. Phillips against P. J. Swensen. From a judgment for defendant, plaintiff appeals. Affirmed.

*Hosmer H. Keith,* for appellant.

*Boyce* and *Warren,* for respondent.

CORSON, J. This is an action to compel the defendant to transfer to the plaintiff a contract for the purchase of school land alleged to be held by the defendant. The case was tried

to the court without a jury, and, findings and.judgment being in favor of the defendant, the plaintiff appealed.

The court's findings and conclusions of law are as follows:

"That the plaintiff has failed to establish the allegation of his complaint by proof. That on the 13th day of February, 1900, the plaintiff and defendant had a full and final settlement concerning the interest claimed by the plaintiff in the lands described in the complaint, wherein and whereby the said plain-tiff did relinquish and surrender to the defendant all the right, title, and interest claimed by him in said lands, and wherein and whereby it is agreed that the defendant is indebted to the plaintiff in the sum of ten dollars ($10.00), which amount the said defendant paid to the said plaintiff. That the plaintiff is not entitled to the relief prayed for in his complaint. That the defendant is entitled to judgment dismissing the complaint of the plaintiff, and for his costs and disbursements of this action. Let judgment be entered accordingly. Dated March 15, A. D. 1902. By the Court, Joseph W. Jones, Judge. "It is contended on the part of the plaintiff that he established his right to recover in this action, and that the court committed error in finding in favor of the defendant. The contract under which the plaintiff sought to recover was an.oral one, claimed to have been made some time in 1893, by the terms of which the defendant agreed to advance for the plaintiff money to purchase of the state a tract of school land containing.40 acres, for which he was to pay the state the sum of $720. There seems to have been no time fixed when the defendant should transfer to the plaintiff the school land certificate, nor any time when the plaintiff should repay the defendant the amount advanced. It may be a serious question, therefore, whether the contract, as

claimed, was sufficiently definite and certain to entitle the plaintiff to have the same enforced by a court of equity under the rulings of this court in the case of. Johnson v. Plotner, 15 S. D. 154, 87 N. W. 926, had the contract been fully established by the evidence. · But in the view we take of the case it will not be necessay to consider or discuss the sufficiency. of the court's findings upon this branch of the case. As will be noticed, the court finds that the transaction between the parties to the same was fully settled and determined, and that the plaintiff relinquished to the defendant all the right, title, and interest claimed by him in and to the said lands, and that upon such settlement there was foun ᵗ to be due. the. plaintiff the sum of $10, which the said defendant paid to him. It is contended on the part of the appellant that this finding was clearly against the weight of evidence, but, after a careful review of the same, we are unable to say that the evidence preponderates in favor of the plaintiff. The defendant testified that there was such a settlement, and that the plaintiff, in effect, relinquished all his right, title, and interest in and to 'the said land under the said contract, and, in effect surrendered up the possession. The plaintiff does not deny that he had a settlement with the defendant, and that defendant paid him the sum of $10, but he insists that the settlement was simply for the purpose of ascertaining the amount due from him to the defendant, and upon which he was to pay the defendant interest.

It is contended on the part of the appellant that, assuming that the testimony of the defendant is true, and that there was a settlement as claimed by him, it would not bar the right of the plaintiff to recover, for the reason that an interest in land can only be transferred by a writing. It is true that an agree-

ment for the sale of real property, or an interest therein, is invalid unless the same or some note or memorandum thereof be in writing subscribed by the party to be charged. Section 3617, Comp. Laws. And it is true also that no estate in real property can be transferred except by an instrument in writing subscribed by the party disposing of the same. Section 3245, Id. But this has no application to the case at bar. It is clear that whatever rights the appellant had acquired in this property were in the nature of a trust that was established by parol evidence only. In speaking of such a claim, Chancellor KENT, in Botsford v. Burr, 2 Johns. Ch. 416, says: ''It is well settled that parol evidence is admissible to rebut a resulting trust. If the plaintiff, by his bill, sets up an equity founded on parol proof, it may be rebutted by or discharged by parol proof.'' This would seem to be a perfectly just rule, and one of which the plaintiff had no right to complain. Clearly, therefore, under the findings of the court the plaintiff was not entitled to recover in this action, and the judgment of the court below and the order denying a new trial are affirmed.

## McGill *v*. Young *et al.*

1.  Where, in an action on a note by an indorsee, fraud in the execution of the note, pleaded as a defense, was clearly established, the fact that plaintiff's evidence was not directly contradicted did not require the direction of a verdict for plaintiff; the jury being warranted, from facts and circumstances disclosed by plaintiff, in inferring that he was connected with the payee in the perpetration of the fraud.

2.  In an action by an indorsee on a note obtained by fraud, where defend-

ant claimed that plaintiff was not a bona fide purchaser for value, an instruction merely stating the claims of both parties, and concluding that the jury should determine the question whether or not plaintiff was a purchaser in good faith, for value, before the note became due, was proper.

3.  Where a note sued on by the indorsee was void for fraud as between the original parties, an instruction that if, after considering all the evidence, and the circumstances disclosed by the evidence, the jury were satisfied that plaintiff was not a purchaser of the note sued on, in good faith, for value, before maturity, in the ordinary course of business, the verdict should be for defendants, was not misleading by the use of the words "circumstances disclosed by the evidence."

4.  In an action by an indorsee of a note obtained by fraud, the burden of proof is on the plaintiff to show himself a purchaser in good faith.

(Opinion filed Dec. 31, 1902.)

Appeal from circuit court, Spink county; Hon. A. W. CAMPBELL, Judge.

CORSON, J. This is an action by the indorsee of a promissory note against the makers. Verdict and judgment for the defendants, and the plaintiff appealed. The defendants set up as a defense to the action that the promissory note in controversy was procured from them by fraud by one E. F. Collins, the payee therein named. The evidence in the case clearly established the fraudulent nature of the transaction resulting in the giving of the note. The plaintiff testified that he purchased the note some three months after its execution at a dis-

count of 40 %; that he paid cash therefor, and had no knowledge of any defense to the same.